UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lele Zhang,<br><br>    *Plaintiff*,<br><br>v.<br><br>Firegemss and Mytopcustom,<br><br>    *Defendants*. | **CASE NO.** 1:24-cv-4103<br><br>**Jury Demand** |

# COMPLAINT

Plaintiff Lele Zhang ("Plaintiff") files this Original Complaint for copyright infringement against Defendants, Firegemss ("Firegemss") and Mytopcustom ("Mytopcustom", or collectively with Firegemss as "Defendants") and alleges as follows:

## THE PARTIES

1. Plaintiff Lele Zhang is an individual residing in Zhejiang, China.

2. Defendant, Firegemss, is a foreign business entity who, upon information and belief, operates website at the URL's: www.firegemss.com. A true and correct copy of Firegemss' website is attached hereto as Exhibit A.

3. Defendant, Mytopcustom, is a foreign business entity who, upon information and belief, operates website at the URL's: www.mytopcustom.com. A true and correct copy of Mytopcustom's website is attached hereto as Exhibit B.

4. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online stores. Defendants target the United States, including Illinois, and have offered to sell, and,

1

on information and belief, has sold and continues to sell Infringing Goods to consumers within the United States, including the State of Illinois.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

7. The Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive online stores through which Illinois residents can purchase products within the scope of Plaintiff's copyright. Defendants have targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products within the scope of Plaintiff's copyright to residents of Illinois. Defendants are committing tortious acts in Illinois, and engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(c)(3), because Defendants are not a resident of the United States.

## FACTUAL BACKGROUND

9. On October 13, 2023, Copyright Registration No.VA 2-375-647 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled COUPLE GHOST (the "COUPLE GHOST Copyright"). *See* Exhibit C, the Copyright Certification of the COUPLE GHOST Copyright.

10. On October 13, 2023, Copyright Registration No.VA 2-375-634 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled Wearing Ring in Heart (the "Wearing Ring in Heart Copyright"). *See* Exhibit D, the Copyright Certification of the Wearing Ring in Heart Copyright.

11. On October 13, 2023, Copyright Registration No.VA 2-375-641 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled I WISH YOU LIVED NEXT DOOR (the "I WISH YOU LIVED NEXT DOOR Copyright"). *See* Exhibit E, the Copyright Certification of the I WISH YOU LIVED NEXT DOOR Copyright.

12. On October 13, 2023, Copyright Registration No.VA 2-375-636 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled Retro Halloween Ghost Dog (the "Retro Halloween Ghost Dog Copyright," collectively with COUPLE GHOST Copyright, I WISH YOU LIVED NEXT DOOR Copyright and Wearing Ring in Heart Copyright, as "Asserted Copyrights"). *See* Exhibit F, the Copyright Certification of the Retro Halloween Ghost Dog Copyright.

13. Plaintiff is the author of the four Asserted Copyrights and has at all times been the sole owner of all right, title and interest in and to the Asserted Copyrights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending.

14. Plaintiff sells its own products that embody the copyrighted work of the Asserted Copyrights through his own websites, https://www.urbanvesttn.com; https://www.welovejewel.com; https://www.forlovergift.com/. Plaintiff's products are well-established and popular in the United States market.

15. The success of Plaintiff's products has resulted in significant infringement of the products' corresponding intellectual property rights.

16. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant created, sold, manufactured, caused to be manufactured, and distributed the products comprised, at least in part, featuring three design that are identical, or substantially similar, to the copyrighted design of Plaintiff's Asserted Copyrights (hereinafter the "Accused Products") on through their websites. *See* Exhibit G.

17. On information and belief, Defendants facilitate sales by designing the Defendants' Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Plaintiff's products.

18. Plaintiff has not licensed or authorized Defendants to use the Asserted Copyrights, and none of the Defendants are authorized retailers of genuine Plaintiff's products.

19. Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online website under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

20. Infringers also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.

21. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts.

22. Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

23. The joinder of Defendants is also proper, because Defendants act in concert and providing the same email address, IP@whosebilling.com, for communicating regarding the intellectual property rights. *See* Exhibit A and Exhibit B. Defendants also share the same terms of service with substantially the same contents.

24. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Asserted Copyrights in connection with the advertisement, distribution, offering for sale, and sale of Accused Products into the United States and Illinois over the Internet.

25. Defendants' unauthorized shipping and selling counterfeit Plaintiff's products into United States, including Illinois, which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

**COUNT I –INFRINGEMENT OF COPYRIGHT REG. VA 2-375-647 AND 2-375-634**

26. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

27. Plaintiff is the right owner of the registered copyrights, No.VA 2-375-647 and 2-375-634.

28. Plaintiff is informed and believes and thereon alleges that Firegemss, and had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's

products and website; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or, including without limitation international and/or overseas converters and suppliers; (c) access to Plaintiff's strike-offs and samples.

29. Plaintiff is informed and believes and thereon alleges that Firegemss infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling magnetic pixel cubes which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

30. Due to Firegemss' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

31. Due to Firegemss' acts of copyright infringement as alleged herein, Firegemss has obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Firegemss' profits directly and indirectly attributable to Firegemss' infringement of the Subject Designs in an amount to be established at trial.

32. Plaintiff is informed and believes and thereon alleges that Firegemss has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Firegemss to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

///

///

## **COUNT II – INFRINGEMENT OF COPYRIGHT REG. VA 2-375-641 AND 2-375-636**

33. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

34. Plaintiff is the right owner of the registered copyright, No.VA 2-375-641, and 2-375-636.

35. Plaintiff is informed and believes and thereon alleges that Mytopcustom, and had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's products and website; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or, including without limitation international and/or overseas converters and suppliers; (c) access to Plaintiff's strike-offs and samples.

36. Plaintiff is informed and believes and thereon alleges that Mytopcustom infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling magnetic pixel cubes which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

37. Due to Mytopcustom's acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

38. Due to Mytopcustom's acts of copyright infringement as alleged herein, Mytopcustom has obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Mytopcustom's profits directly and indirectly attributable to Mytopcustom's infringement of the Subject Designs in an amount to be established at trial.

39. Plaintiff is informed and believes and thereon alleges that Mytopcustom has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Mytopcustom to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs pray for judgment against Defendants as follows:

a. That Defendants, their agents and employees be enjoined from infringing Plaintiff's Copyright in any manner, specifically those for the Subject Designs;

b. That Plaintiff be awarded all profits of Defendants plus all losses of Plaintiff, plus any other monetary advantage gained by the Defendants through their infringement, the exact sum to be proven at the time of trial, or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 505 *et seq.*;

c. That a trust be imposed over the revenues derived by Defendants through the sales or distribution of the product at issue;

d. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act, 17 U.S.C. § 505 et seq.;

e. That Defendants account to Plaintiff for their profits and any damages sustained by Plaintiff arising from the foregoing acts of infringement;

f. That Plaintiff be awarded pre-judgment interest as allowed by law;

g. That Plaintiff be awarded the costs of this action; and

h. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

**Jury Trial Demand**

Plaintiff hereby demands a jury trial on all issues so triable.

| | |
|---|---|
| Date: May 18, 2024 | /s/ Wei Wang |
| | Wei Wang, Esq. |
| | GLACIER LAW LLP |
| | 41 Madison Avenue, Suite 2529, |
| | New York, NY 10010 |
| | wei.wang@glacier.law |
| | 332-777-7315 |
| | |
| | Tao Liu, Esq. |
| | 41 Madison Avenue, Suite 2529, |
| | New York, NY 10010 |
| | tao.liu@glacier.law |
| | 332-208-1505 |
| | |
| | ***Attorneys for Plaintiff*** |