# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| Lele Zhang,<br><br>        *Plaintiff*,<br><br>v.<br><br>Firegemss and Mytopcustom,<br><br>        *Defendants*. | CASE NO.<br><br>**Jury Demand** |

## DECLARATION OF LELE ZHANG

I, Lele Zhang, hereby declare as follows:

1. I am over 18 years of age and have personal knowledge of the facts set forth herein. If called as a witness, I could and would testify to the statements made herein.

2. I am the author and owner of the four Asserted Copyrights, No.VA 2-375-647, No.VA 2-375-634, No.VA 2-375-641, No.VA 2-375-636 (collectively, the "Asserted Copyrights").

3. I am the official, and only source of the copyrighted designs. I control the quality of all materials that feature the distinctive copyrighted designs.

4. I sell my own products that embody the copyrighted work of the Asserted Copyrights through its own websites, https://www.urbanvesttn.com; https://www.welovejewel.com; https://www.forlovergift.com/. Plaintiff's products are well-established and popular in the United States market.

5. Substantial time, money, and other resources have been expended in developing, advertising, licensing and other promoting the copyrighted design. I have and continue to be

irreparably harmed through diminished brand confidence, loss of exclusivity, and loss of future and past sales, by Defendants unauthorized use of the copyrighted design.

6. The success of the copyrighted design has resulted in significant infringement of the Asserted Copyrights. Consequently, an anti-pirating program has been implemented to investigate suspicious websites and online marketplace listings identified in proactive internet sweeps.

7. I am aware of investigations related to internet-based infringement of the Asserted Copyrights. I found that Defendants are offering for sale, selling, and importing unauthorized products featuring my copyrighted work to consumers in this judicial district and throughout the United States, through their online stores.

8. I, or someone working under my direction, analyzed the Defendant Internet Stores and determined that Accused Products were being offered for sale to the United States, including Illinois. The Defendants and their websites do not conduct business with me and do not have the right or authority to use the copyrights for any reason. Defendants infringed my copyrights by creating infringing derivative works, copying, displaying, and/or distributing works to the public as show below:

| Asserted Copyrights | Accused Products |
|---|---|
|  |  |

| No.VA 2-375-647 | |
|---|---|
| | |
| No.VA 2-375-634 | |





9. Upon information and belief, Defendants facilitate sales by designing the Defendant Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet

stores or wholesalers selling genuine or authorized products. Defendant Internet Stores accept payment in U.S. dollars via credit cards and/or PayPal. The Defendant Internet Stores often include images and design elements that make it difficult for consumers to distinguish such sites from an authorized website. Defendants further perpetuate the illusion of legitimacy by offering "live chart: 24/7" customer service and using indicia of authenticity and security that consumers have come to associate with authorized retailers, including the Visa®, MasterCard®, and PayPal® logos. I have not licensed or authorized Defendants to use the Asserted Copyrights.

10. Upon information and belief, Defendants use other unauthorized search engine optimization (SEO) tactics and social media spamming so that the Defendant Internet Stores listings show up at or near the top of relevant search results to direct consumers to unauthorized Subject Design products. Further, Defendants utilize similar illegitimate SEO tactics to propel new internet stores to the top of search results after others are shut down.

11. Defendants go to great lengths to conceal their identities and often use multiple fictitious names and addresses to register and operate their network of Defendant Internet Stores. Upon information and belief, Defendants regularly create new websites using unknown fictitious names and addresses. Such Defendant Internet Store registration patterns are one of many common tactics used by the Defendants to conceal their identities, the full scope and interworking of their massive illegal operation, and to avoid being shut down.

12. The Accused Products for sale in the Defendant Internet Stores bear similar indicia suggesting that the products were manufactured by and come from a common source and that, upon information and belief, Defendants are interrelated. The Defendant Internet Stores also include other notable common features, including use of the same Defendant Internet Store registration patterns, unique shopping cart platforms, accepted payment methods, check-out

methods, meta data, illegitimate SEO tactics, HTML user-defined variables, domain redirection, lack of contact information, identically or similarly priced similar hosting services, similar name servers, and the use of the same text and images.

13. Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online website under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

14. Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation despite any enforcement efforts to make them judgment proof. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to offshore bank accounts outside the jurisdiction of this Court.

15. Monetary damages alone cannot adequately compensate me for the ongoing infringement because monetary damages fail to address the loss of control of and damage to my reputation, goodwill, and control over the nature of the derivative works made using its copyrighted material. Furthermore, monetary damages are difficult, if not impossible, to completely ascertain due to the inability to fully quantify the monetary damage caused to my reputation and goodwill by acts of infringement.

16. I am further irreparably damages due to loss of exclusivity. The copyrights in the Asserted Copyrights are exclusive rights. I am irreparably harmed by the unauthorized use of Asserted Copyrights copyrighted material because infringers take away my ability to control the

nature and quality of products bearing the Asserted Copyrights or are products derived from the Asserted Copyrights.

17. The marketing and distribution of the Asserted Copyrights and derivative works are aimed at growing and sustaining sales. When infringers use the Asserted Copyrights without authorization, the exclusivity associated with the Asserted Copyrights, as well as my reputation, are damaged and eroded, resulting in a loss of unquantifiable future sales.

18. Uncontrolled profiteering and pirating of the Asserted Copyrights create the impression that the copyrights associated with the Asserted Copyrights may be infringed with impunity. The Accused Products are distinctive and signify to consumers that the products are authorized by me and are manufactured to my high-quality standards. When infringers use the Asserted Copyrights on goods without authorization, the exclusivity of my products and reputation are damaged and eroded, resulting in a loss of unquantifiable future sales. The devaluing of the intellectual property associated with the Asserted Copyrights cannot be compensated for financially since it erodes my ability to monetize the Asserted Copyrights.

19. I will suffer immediate and irreparable injury, loss, or damage if an *ex parte* Temporary Restraining Order is not issued in accordance with Federal Rule of Civil Procedure 65(b)(l).

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated: May 18, 2024             Name _Lele Zhang_
                                      Lele Zhang