UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lele Zhang,<br><br>　　　　　*Plaintiff*,<br><br>　　v.<br><br>Firegemss and Mytopcustom,<br><br>　　　　　*Defendants*. | CASE NO. 1:24-cv-4103<br><br>**Jury Demand** |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR**
**ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED.R.CIV.P. 4(f)(3)**

Pursuant to Federal Rule of Civil Procedure 4(f)(3), Plaintiff Lele Zhang ("Plaintiff"), requests this Court's authorization to serve process by sending an e-mail to the e-mail addresses that provided by Defendants on their websites. Plaintiff submits that providing notice via e-mail, along with any notice that Defendants receive from payment processors, is reasonably calculated under all circumstances to apprise Defendants of the pendency of the action and afford them the opportunity to present their objections.

### I.　　INTRODUCTION

Electronic service is appropriate and necessary in this case because off-shore e-commerce store operators offering for sale infringing products typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third party service providers and customers, demonstrating the reliability of this method of communication by which the Defendants may be apprised of the pendency of this action. *See*

Declaration of Wei Wang (the "Decl. of Wang") at ¶ 2. Authorizing service of process solely via e-mail will benefit all parties and the Court by ensuring that Defendants receive prompt notice of this action, thus allowing this action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

An investigation of the e-commerce stores operating under the Seller Aliases shows that few, if any, provide a physical address on the e-commerce store. *See* Decl. of Wang at ¶ 3. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as Shopify, eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy, and DHgate when registering their account. *Id*. However, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. *Id*. Since an e-commerce store operator can input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. *Id*. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants. *Id*.

In addition, e-commerce store operators must provide a valid e-mail address to customers for completing payment and/or managing their e-commerce stores. Moreover, it is necessary for merchants, such as Defendants, who operate entirely online, to visit their e-commerce store to ensure it is functioning and to communicate with customers electronically. As such, it is far more likely that Defendants can be served electronically than through traditional service of process methods. In this case, Defendants provided reliable email addresses, Firegemssgl@outlook.com and contact@mytopcustom.com, for communication with their customers and these are reliable methods to contact Defendants. *Id*, at ¶ 4.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure Rule 4(h)(2) governs service of process on foreign companies such as Defendant and requires compliance with the manners of service identified in 4(f). Rule 4(f) states that an individual in a foreign country may be served as follows: (3) by other means not prohibited by international agreement, as the court orders.

Rule 4(f)(3) is not subsumed within or in any way dominated by Rule 4(f)'s other subsections; it stands independently, on equal footing" to 4(f)(1) and 4(f)(2) and is not "extraordinary relief" or a "last resort." *In re OnePlus Tech. (Shenzhen) Co., Ltd.*, No. 2021-CV-165, 2021 WL 4130643, at *3 (Fed. Cir. Sept. 10, 2021) (citing Nuance, 626 F.3d at 1239). Moreover, "a plaintiff does not have to attempt to effect service under Rule 4(f)(1) or Rule 4(f)(2) prior to requesting the authorization of an alternative method of service pursuant to Rule 4(f)(3)." *Affinity Labs of Tex., L.L.C. v. Nissan N. Am. Inc.*, No. WA:13-CV-369, 2014 WL 11342502, at *1 (W.D. Tex. July 2, 2014).

Rule 4(f)(3) provides that service upon an individual in a foreign country may be effected by any "means not prohibited by international agreement, as the court orders." Alternative service "is neither a last resort nor extraordinarily relief, but instead is merely one means among several which enables services of process on an international defendant." *1025 W. Addison St. Apartments Owner, LLC v. Grupo Cinemex, S.A. de C.V.*, No. 20-cv-06811, 2021 U.S. Dist. LEXIS 99131, at *22 (N.D. Ill. May 26, 2021) (internal quotation marks omitted) (quoting *Rio Props. v. Riol Int'l Interlink*, 284 F.3d 1007, 1015 (9th Cir. 2002)).

"Accordingly, courts typically order service under Rule 4(f)(3) after considering the delay and expense of conventional means of service in conjunction with other special circumstances that justify court intervention." *Viavi Solutions Inc. v. Zhejiang Crystal-Optech Co Ltd*, 2022 WL 1271706, *2 (E.D. Tex. 2022). Service of process through the Hague Convention is expected to

take eighteen months to two years to complete. In fact, in granting alternate service, courts have noted that the Ministry of China indicates that service of process may take more than two years to complete. *Victaulic Co. v Allied Rubber & Gasket Co.*, 2020 U.S. Dist. LEXIS 82150, fn. 3 (S.D. Cal. 2020).

Determinations regarding alternate service under Rule 4(f)(3) are conferred to the discretion of the district court. *STC.UN v TP-Link Technologies Co., LTD.*,2019 Dist. LEXIS 239369 (W.D. Tex. 2019). Courts are empowered to fit the manner of service utilized to the facts and circumstance of the particular case. *Enovative Techs., LLC v Leor,* 622 Fed. Appx. 212, 214 (4th Cir.2015). Therefore, as long as the method of service is not prohibited by International agreement, a court has considerable discretion to authorize an alternative means of service. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002) ("As obvious from its plain language, service under Rule 4(f)(3) must be (1) directed by the court; and (2) not prohibited by international agreement. No other limitations are evident from the text."). "Under Rule 4(f)(3), federal courts have discretionary authority to direct service." *Nuance Commc'ns, Inc. v. Abbyy Software House*, 626 F.3d 1222, 1239 (Fed. Cir. 2010).

### III.     ARGUMENT

**A.     Defendant's address is unknow to Plaintiff.**

According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be served with the document is not known." United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g., Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.*, 667 F.

Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also, Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (same); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same); *Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.*, No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (same). The Hague Convention also does not preclude service by e-mail. *See e.g., Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China)..

Defendants do not provide their identification on their websites. There is no way for Plaintiff to find Defendants' addresses. Upon Plaintiff's duly investigation, Plaintiff cannot find Defendant's address. Therefore, Defendant's real address is unknown to Plaintiff, which renders the Hauge Service Convention inapplicable.

**B.     Alternative Service by Email On Defendant Domiciled in China is Routinely Granted This Court.**

Federal Rule of Civil Procedure 4(f)(3) allows this Court to authorize service of process by any means not prohibited by international agreement as the Court directs. *Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (*citing Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014 (9th Cir. 2002)).

Plaintiff has good cause to suspect the Defendants are foreign entities. According to Article 1 of the Hague Convention, the "convention shall not apply where the address of the person to be

served with the document is not known." *Id*. United States District Courts, including Courts in this District, routinely permit alternative service of process notwithstanding the Hague Convention. *See e.g., Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) ("Nor must Versace attempt service by contacting the Chinese Ministry of Justice, as suggested by [defendant]. The plain language of Rule 4 requires only that service be made as directed by the court and not prohibited by international agreement."); *In re Potash Antitrust Litig.*, 667 F. Supp. 2d 907, 930 (N.D. Ill. 2009) ("plaintiffs are not required to first attempt service through the Hague Convention."); *see also, Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (authorizing alternative service pursuant to Fed. R. Civ. P. 4(f)(3)); *Sulzer Mixpac AG v. Medenstar Indus. Co.*, 312 F.R.D. 329, 331-32 (S.D.N.Y. 2015) (same); *In re LDK Solar Securities Litigation*, 2008 U.S. Dist. LEXIS 90702, at *11 (N.D. Cal. June 12, 2008) (same); *Williams-Sonoma Inc. v. Friendfinder Inc.*, 2007 U.S. Dist. LEXIS 31299, at *5-7 (N.D. Cal. Apr. 17, 2007) (same); *Levi Strauss & Co., v. Zhejiang Weidu Garment Co., Ltd. et al.*, No. 16-cv-7824 (N.D. Ill. Nov. 17, 2016) (same). The Hague Convention also does not preclude service by e-mail. *See e.g., Lexmark Int'l, Inc. v. Ink Techs. Printer Supplies, LLC*, 295 F.R.D. 259, 261 (S.D. Ohio 2013) ("[v]arious courts have agreed that service by email is not prohibited by the Hague Convention"); *Facebook, Inc. v. Banana Ads, LLC*, 2012 U.S. Dist. LEXIS 42160, at *6–7 (N.D. Cal. Mar. 27, 2012) (citing cases where courts held that service by e-mail did not violate the Hague Convention as to foreign defendants, including in China).

Furthermore, Rule 4 does not require that a party attempt service of process by other methods enumerated in Rule 4(f) before petitioning the court for alternative relief under Rule 4(f)(3). *Rio Props.*, 284 F.3d at 1014-15. As the *Rio Properties* Court explained, Rule 4(f) does not create a hierarchy of preferred methods of service of process. *Id*. at 1014. To the contrary, the

6

plain language of the Rule requires only that service be directed by the court and not be prohibited by international agreement. There are no other limitations or requirements. *Id*. Alternative service under Rule 4(f)(3) is neither a "last resort" nor "extraordinary relief," but is rather one means among several by which an international defendant may be served. *Id*. Likewise, Courts have confirmed that the Hague Convention does not displace Rule 4(f)(3). *See Gianni Versace, S.P.A. v. Yong Peng, et al.*, No. 18-cv-5385 (N.D. Ill. Feb. 27, 2019) (citing *Nagravision SA v. Gotech Int'l Tech. Ltd.*, 2018 U.S. App. LEXIS 2976 (5th Cir. 2018)) ("Overlooking Rule 4(f)(3) entirely, *Gotech* argues that the service did not comply with the Hague Convention and Rule 4(f)(1). This argument misses the mark because service was not effected pursuant to the Hague Convention, and that agreement does not displace Rule 4(f)(3)."). Finally, Court-directed electronic service pursuant to Rule 4(f)(3) is particularly appropriate in this case where "there is a need for speed that cannot be met by following the Hague Convention methods…" because of the injunctive relief sought by Plaintiff. *Strabala v. Zhang*, 318 F.R.D. 81, 114 (N.D. Ill. 2016) (citing 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.)).

A speedy method of service in this case was justified to ensure, among other reasons, that the continuance Copyright infringement be stopped. *Strabala v. Zhang*, 318 F.R.D. at 114 ("Court-directed service pursuant to Rule 4(f)(3) is appropriate when, for example, 'there is a need for speed that cannot be met by following the Hague Convention methods. . . .'") (quoting 4B FED. PRAC. & PROC. CIV. § 1134 (4th ed.))). Further allowing service solely by e-mail in the present case is appropriate and comports with constitutional notions of due process, particularly given the decision by the registrants of the Defendant Internet Stores to conduct their internet-based activities anonymously. Authorizing service of process solely via e-mail will benefit all parties and the court by ensuring that Defendants receive prompt notice of this action, thus allowing this

action to move forward expeditiously. Absent the ability to serve Defendants in this manner, Plaintiff will almost certainly be left without the ability to pursue a final judgment.

In addition, email was a more reliable method of service in this case because Defendants' email addresses were provided themselves to communicate with their customers. This is precisely a situation that justifies an order directing that service be effected by alternative means. *See Ouyeinc*, 2021 U.S. Dist. LEXIS 118876, 2021 U.S. Dist. LEXIS 118876, 2021 WL 2633317, at *3 ("courts have routinely upheld service by email" in infringement actions where online stores "business appeared to be conducted entirely through electronic communications") (cleaned up) (*citing Rio Props.* 284 F.3d at 1018. ("When faced with an international e-business scofflaw, playing hide-and seek with the federal court, e-mail may be the only means of effecting service of process")). As such, this Court may allow Plaintiff to serve the Defendants via e-mail.

## CONCLUSION

For the reasons set forth above, Plaintiff requests that the Court enter an Order granting leave for the Plaintiff to effectuate service of process on Defendants via e-mail.

| Date: May 18, 2023 | /s/ Wei Wang |
|---|---|
| | Wei Wang, Esq. |
| | GLACIER LAW LLP |
| | 200 E. Randolph Dr., Ste. 5100 |
| | Chicago, IL 60601 |
| | wei.wang@glacier.law |
| | 332-777-7315 |
| | |
| | Tao Liu, Esq. |
| | GLACIER LAW LLP |
| | 41 Madison Avenue, Ste. 2529 |
| | New York, NY 10010 |
| | Tao.liu@glacier.law |
| | ***Attorney for Plaintiff*** |