UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lele Zhang,<br><br>              *Plaintiff*,<br><br>   v.<br><br>Firegemss and Mytopcustom,<br><br>             *Defendants*. | CASE NO. 1:24-cv-4103<br><br>**Jury Demand** |

## DECLARATION OF WEI WANG

I, Wei Wang, declare as follows:

1. I am an attorney at law, duly admitted to practice before the Courts of the State of New York and the United States District Court for the Northern District of Illinois. I am one of the attorneys for Plaintiff Lele Zhang1 ("Plaintiff"). Except as otherwise expressly stated to the contrary, I have personal knowledge of the following facts and if called as a witness, I could and would competently testify as follows:

2. Offshore e-commerce store operators offering for sale infringing products typically: (1) provide false, misleading and/or incomplete names and physical address information to conceal their locations and avoid liability for their unlawful conduct; and (2) rely primarily on electronic communications to communicate with their third-party service providers and customers. In my over ten years of experience in infringement investigations, even if a purported address is provided on an e-commerce store, it is unlikely to be legitimate. E-mail has proved to be a reliable mechanism for quickly providing notice to e-commerce store operators in similar cases. Indeed,

thousands of defendants in cases I have overseen have confirmed receipt of actual notice via e-mail.

3. An investigation of the e-commerce stores operating by the infringers shows that few, if any, provide a physical address on the ecommerce store. In most instances, Defendants must provide an e-mail address and physical address to third-party online marketplace platforms such as eBay, AliExpress, Alibaba, Amazon, Wish.com, Walmart, Etsy and DHgate when registering their account. However, unlike an e-mail address, which is typically verified by the third-party online marketplace platforms, no verification typically occurs for physical addresses. Since an e-commerce store operator can input any physical address, such addresses are usually false and/or are not where the e-commerce store operator is located. As such, even if a physical address is available, it is not a reliable means for identifying and locating Defendants.

4. Upon reviewing Defendants' websites, I found that Defendants provided their e-mail addresses for communication with customers. Defendant Firegemss provides its e-mail address, [Firegemssgl@outlook.com](mailto:Firegemssgl@outlook.com). *See* Dkt. 1-1. Defendant, Mytopcustom provides its email address, [contact@mytopcustom.com](mailto:contact@mytopcustom.com). *See* Dkt. 1-2. Based my experience in the same kind of lawsuit and investigation, these two email addresses are reliable method to contact Defendants.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on this 18th day of May, 2024.

/s/ Wei Wang  
Wei Wang  
***Counsel for Plaintiff***