UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lele Zhang,<br><br>    *Plaintiff*,<br><br>v.<br><br>Firegemss and Mytopcustom,<br><br>    *Defendants*. | CASE NO. 1:24-cv-4103 |

### MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF A PRELIMINARY INJUNCTION

Plaintiff, Lele Zhang ("Plaintiff"), respectfully submits this Memorandum in support of its Motion for Entry of a Preliminary Injunction (the "PI Motion").

### I. INTRODUCTION

Plaintiff brought this current lawsuit against Defendants Firegemss and Mytopcustom (collectively as "Defendants") for Declaratory Judgment Copyright Infringement [Dkt. 1]. Plaintiff respectfully requests the Court enter a Preliminary Injunction against Defendants, thereby enjoining Defendants from further infringing Plaintiff's Asserted Copyrights, No.VA 2-375-647, No.VA 2-375-634, No.VA 2-375-641, No.VA 2-375-636 (collectively, the "Asserted Copyrights"). Defendants are promoting, advertising, marketing, distributing, and offering for sale, garments featuring infringing Asserted Copyrights ("Assured Products"), through fully interactive commercial internet stores ("Defendants Internet Stores"). *See* Dkt. 1, ¶¶2-3. Defendants' unauthorized conduct is done with the intent to generate profits by infringing and trading off the Plaintiff's valuable rights.

1

## II. PROCEDURAL HISTORY

Plaintiff filed its complaint on May 18, 2024. Dkt. No. 1. On the same day, Plaintiff filed a motion for temporary restraining order [Dkt. 3] and alternate service of process [Dkt. 5]. This Court granted Plaintiff's motions and entered the Temporary Restraining Order on May 23, 2024. Dkt. 10.

On May 30, 2024, Plaintiff filed a motion to extend the Temporary Restraining Order, which was granted by the Court on June 4, 2024. Dkt. 15.

On June 6, 2024, Plaintiff served the Defendants via email pursuant to the Court's order. Dkt. Nos. 16, 17. To the date, the Defendants have not answered or otherwise pleaded in this action.

## III. ARGUMENT

Plaintiff now respectfully requests that this Court enter a Preliminary Injunction against Defendants thereby enjoining Defendants from the importation, distribution, offering for sale, and sale of the Infringing Products during the pendency of this litigation. As part of the Preliminary Injunction, Plaintiff requests that Defendants' Amazon and any other financial or e-commerce accounts used to sell Infringing Products remain frozen until completion of these proceedings.

1. **This Court Has Already Found that the Requirements for a Preliminary Injunction Have Been Satisfied.**

First and foremost, Plaintiff's PI Motion should be granted since this Court already granted a TRO (see Dkt. No. 15) and the standard for granting a TRO and the standard for granting a preliminary injunction are identical in this Circuit. Moreover, the requirements for entry of a preliminary injunction extending the TRO have been satisfied. *See, e.g., Charter Nat'l Bank & Trust v. Charter One Fin., Inc.*, No. 1:01-cv-00905, 2001 WL 527404, *1 (N.D. Ill. May 15, 2001) (citations omitted). A temporary restraining order or preliminary injunction may be issued upon a showing that: "(1) there is a reasonable likelihood that Plaintiff will succeed on the merits; (2)

Plaintiff will suffer irreparable injury if the order is not granted because there is no adequate remedy at law; (3) the balance of hardships tips in Plaintiff's favor; and (4) the public interest will not be disserved by the injunction." *Columbia Pictures Indus., Inc. v. Jasso*, 927 F. Supp. 1075, 1076 (N.D. Ill. 1996). Here, Plaintiff has satisfied these requirements.

1. **Jurisdiction is proper in this Court.**

This Court has original subject matter jurisdiction over the claims in this action pursuant to the provisions of the Copyright Act, 17 U.S.C. § 1, et seq., 28 U.S.C. §§ 1338(a)-(b), and 28 U.S.C. § 1331. Venue is proper pursuant to 28 U.S.C. § 1391.

This Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Defendant Internet Stores. Specifically, Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive Defendant Internet Stores through which Illinois residents can purchase products that copied Plaintiff's Asserted Copyrights. Illinois courts regularly exercise personal jurisdiction over internet stores infringing intellectual property rights in connection with the offering for sale and selling of infringing merchandise to Illinois residents over the Internet. 735 ILCS 5/2-209(a)(2). *Monster Energy Co. v. Chen Wensheng*, 2015 U.S. Dist. LEXIS 132283 (N.D. Ill. Sept. 29, 2015). Each of the Defendants is committing tortious acts in Illinois, is engaging in interstate commerce, and has wrongfully caused Plaintiff substantial injury in the State of Illinois.

2. **Plaintiff has demonstrated a likelihood of success on the merits.**

To begin, this Court already found that Plaintiff has demonstrated a likelihood of success on the merits when the TRO was granted. *See* Dkt. No. 10. Here, Plaintiff has shown a prima facie case of copyright infringement. Plaintiff is the author and owner of the four Asserted Copyrights.

*See* Dkt. 4-1, at ¶2. The Accused Products incorporate and copy the Asserted Copyrights and are considered unlawful derivatives and infringing use of the distinctive creative content found in the Asserted Copyrights. *Id.*, ¶8. Defendants do not have authorization to create unlawful derivatives of the Asserted Copyrights, copy the Asserted Copyrights, or use the Asserted Copyrights in any other manner that infringes on Plaintiff's exclusive copyrights. As such, the infringement is clear and establishes that Plaintiff is likely to succeed on the merits of this claim.

### 3. Plaintiff has demonstrated irreparable harm because there is no adequate remedy at law.

This Court has already once determined that Plaintiff is likely to suffer irreparable harm in the absence of injunctive relief when the TRO was granted. *See* Dkt. No. 10. The Seventh Circuit has long held that irreparable harm is presumed in copyright infringement cases. *Atari, Inc. v. North Am. Philips Cons. Electronics Corp.*, 672 F.2d 607, 620 (7th Cir. 1982). Indeed, in recognition of the irreparable nature of the harm caused by copyright infringement and the aim of the copyright laws to prevent such commercial harm not compensable monetarily, the Copyright Act expressly provides for injunctive relief in order to address infringement. *See* 17 U.S.C. § 502; *HarperCollins Publishers LLC v. Gawker Media LLC*, 721 F. Supp. 2d 303, 307 (S.D.N.Y. 2010).

Defendants' Accused Products deprive Plaintiff of the ability to control the creative content of his copyrights, devalues the Asserted Copyrights by associating it with inferior goods, and undermines the value of the copyrights by creating an impression that infringement may be undertaken with impunity which threatens Plaintiff's ability to develop further artwork and market for existing work. *See* Dkt. 4-1, at ¶¶16-19. These are recognized irreparable harms for which monetary compensation is inadequate and warrant equitable relief. *Promatek Industries, Ltd. v. Equitrac Corp.*, 300 F.3d 808, 813 (7th Cir. 2002) (finding that damage to plaintiff's goodwill was irreparable harm for which plaintiff had no adequate remedy at law).

Moreover, Defendants' financial accounts are used and operated by Chinese companies. See Decl. of Wang, ¶3. If the Defendants' accounts are released, they will move the funds from their restrained financial accounts to offshore bank accounts outside the jurisdiction of this Court to evade enforcement efforts. *Id*, at ¶4. Given that Defendants are individuals or businesses who, reside in the People's Republic of China, any monetary judgment is likely uncollectable. *See Robert Bosch, LLC v. Pylon Mfg. Corp.*, 659 F.3d 1142, 1156 (Fed. Cir. 2011) (reversing denial of permanent injunction where the likely availability of monetary damages was in question, citing *O2 Micro Int'l Ltd. v. Beyond Innovation Tech. Co.*, No. 2:04-cv-0032, 2007 WL 869576, at *2 (E.D. Tex. Mar. 21, 2007) where "'all three defendants are foreign corporations and that there is little assurance that [plaintiff] could collect monetary damages'"). For the reasons stated above, Plaintiff will suffer immediate and irreparable injury, loss, or damage if a permanent injunction is not issued.

Accordingly, Plaintiff has established that it will be irreparably harmed by Defendants' infringing conducts.

### 4. The balancing of harms tips in Plaintiff's favor, and the public interest is served by entry of a permanent injunction.

As noted above, a party seeking to obtain a preliminary injunction must demonstrate: (1) that there is a substantial likelihood that the movant will prevail on the merits; (2) that there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) that the threatened injury to the movant outweighs the threatened harm to the defendant; and (4) that the granting of the preliminary injunction will not disserve the public interest. *Joseph Paul Corp.*, 2016 U.S. Dist. LEXIS 126206, at *36 (N.D. Tex. Sept. 16, 2016). As willful infringers, Defendants are entitled to little equitable consideration, as any harm to Defendants that could possibly result from a permanent injunction is self-inflicted. Defendants took a calculated risk

when they engaged in copyright infringement. Under such circumstances, courts refuse to assign any "harm" to the defendant because it assumed the risk. *Celsis in Vitro, Inc. v. CellzDirect*, Inc., 664 F.3d 992, 931 (Fed. Cir. 2012) ("the preliminary record suggests that LTC's losses were the result of its own calculated risk in selling a product with knowledge of Celsis' patent"). This is equally true in the copyright context, since Defendants "cannot complain" of being forced to cease their infringement. *Warner Bros. Entm't, Inc. v. WTV Sys*., 824 F. Supp. 2d 1003, 1014-15 (C.D. Cal. 2011)

As Plaintiff has demonstrated, Defendants have profited from the sale of Infringing Products. Thus, the balance of equities tips decisively in Plaintiff's favor. The public is currently under the false impression that Plaintiff has granted a license or other authorization to Defendants with respect to the Asserted Copyrights. In this case, the injury to the public is significant, and the injunctive relief that Plaintiff seeks is specifically intended to remedy that injury by dispelling the public confusion created by Defendants' actions. Moreover, a Preliminary Injunction would serve to uphold copyrights generally. As such, equity requires that Defendants be ordered to cease their unlawful conducts.

### B. The Equitable Relief Sought Remains Appropriate

In relief, Plaintiff seeks a permanent injunction enjoining Defendants from making, using, selling, or offering for sale the Infringing Goods. Furthermore, Plaintiff seeks an asset freeze to ensure the availability of permanent monetary relief given the likelihood that Defendants will simply transfer their ill-gotten assets in an attempt to evade any judgment against them entered by this Court.

### 1. Enjoining Defendants' Unauthorized and Unlawful Use of Plaintiff's Asserted Copyrights Is Appropriate

To prevent the Defendants from further making, using, offering for sale, and selling the Infringing Products, Plaintiff respectfully requests that the injunctive relief already awarded be extended through the pendency of this case. A preliminary injunction is necessary to enjoin Defendants from continuing to violate Plaintiff's copyrights and causing irreparable harm during the pendency of this action.

### 2. Preventing the Fraudulent Transfer of Assets Is Appropriate

Plaintiff also requests an asset freeze so that Defendants' accounts in U.S.-based financial institutions remain frozen throughout the pendency of this litigation. In the absence of a preliminary injunction, Defendants are likely to move any assets to financial institutions in China or other foreign states, rendering any award against them uncollectable. Therefore, Defendants' assets should remain frozen for the remainder of the proceedings.

In addition, and as established in Plaintiff's TRO Memorandum, many federal courts, including the Northern District of Illinois, have granted orders preventing the fraudulent transfer of assets. *See, e.g., Animale Grp. Inc. v. Sunny's Perfume Inc.*, 256 F. App'x 707, 709 (5th Cir. 2007); *Levi Strauss & Co. v. Sunrise Int'l Trading Inc.*, 51 F.3d 982, 987 (11th Cir. 1995); *Reebok Int'l Ltd. v. Marnatech Enters., Inc.*, 970 F.2d 552, 559 (9th Cir. 1992). As such, an order continuing to freeze the Defendants' assets should be granted.

### IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court enter a Preliminary Injunction enjoining Defendants from further infringement and to extend the asset restraint granted in the TRO.

| Date: June 13, 2024 | /s/ Wei Wang |
| --- | --- |

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
wei.wang@glacier.law
332-777-7315

***Attorney for Plaintiff***