IN THE UNITED STATE DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELE ZHANG,<br><br>                Plaintiff,<br><br>   v.<br><br>FIREGEMSS AND MYTOPCUSTOM,<br><br>                Defendants. | Case No.: 1:24-cv-04103<br><br>Honorable Judge Elaine E. Bucklo<br><br>Magistrate Judge Jeffrey T. Gilbert |

**ANSWER, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
TO PLAINTIFF'S COMPLAINT**

Defendant Firegemss and Defendant mytopcustom (collectively "Defendants"), through their undersigned counsel, and in answer to the Complaint filed by the Plaintiff, state as follows:

**THE PARTIES**

1. Plaintiff Lele Zhang is an individual residing in Zhejiang, China.

   *ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 1, and therefore deny those allegations.

2. Defendant, Firegemss, is a foreign business entity who, upon information and belief, operates website at the URL's: www.firegemss.com. A true and correct copy of Firegemss' website is attached hereto as Exhibit A.

   *ANSWER:* Defendant Firegemss admits that they are a foreign business operating the URL listed and that Exhibit A appears to contain screenshots of Defendant's URL.

1

3. Defendant, Mytopcustom, is a foreign business entity who, upon information and belief, operates website at the URL's: www.mytopcustom.com. A true and correct copy of Mytopcustom's website is attached hereto as Exhibit B.

    *ANSWER:* Defendant mytopcustom admits that they are a foreign business operating the URL listed and that Exhibit B appears to contain screenshots of Defendant's URL.

4. Defendants conduct business throughout the United States, including within the State of Illinois and this Judicial District, through the operation of the fully interactive, commercial online stores. Defendants target the United States, including Illinois, and have offered to sell, and, on information and belief, has sold and continues to sell Infringing Goods to consumers within the United States, including the State of Illinois.

    *ANSWER:* Defendants deny the allegations in paragraph 4 except that Defendants each operate an Internet store that is available in the United States and Illinois.

## JURISDICTION AND VENUE

5. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 et seq.

    *ANSWER:* Defendants admit that Plaintiff's Complaint purports to state a claim under the Copyright Act.

6. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

    *ANSWER:* Defendants admit that the Complaint purports to state a claim arising under the Copyright Act, and that such a claim, if proper, would arise within this Court's subject matter jurisdiction.

7. The Court may properly exercise personal jurisdiction over Defendants since Defendants directly target business activities toward consumers in the United States, including Illinois, through at least the fully interactive, commercial Internet stores. Specifically,

Defendants are reaching out to do business with Illinois residents by operating one or more commercial, interactive online stores through which Illinois residents can purchase products within the scope of Plaintiff's copyright. Defendants have targeted sales from Illinois residents by operating online stores that offer shipping to the United States, including Illinois, accept payment in U.S. dollars and, on information and belief, has sold products within the scope of Plaintiff's copyright to residents of Illinois. Defendants are committing tortious acts in Illinois, and engaging in interstate commerce, and have wrongfully caused Plaintiff substantial injury in the State of Illinois.

*ANSWER:* Defendants deny the allegations in paragraph 7 except that Defendants each operate an Internet store that is accessible by residents of Illinois, and Defendants accept U.S. dollars.

8. Venue in this judicial district is proper under 28 U.S.C. § 1391(c)(3), because Defendants are not a resident of the United States.

*ANSWER:* Defendants admit that venue is proper, and Defendants are not a residents of the United States.

## FACTUAL BACKGROUND

9. On October 13, 2023, Copyright Registration No.VA 2-375-647 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled COUPLE GHOST (the "COUPLE GHOST Copyright"). See Exhibit C, the Copyright Certification of the COUPLE GHOST Copyright.

*ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 9, and therefore deny those allegations. Defendants admit

3

Exhibit C appears to show a copyright registration; however, no original deposits are present.

10. On October 13, 2023, Copyright Registration No.VA 2-375-634 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled Wearing Ring in Heart (the "Wearing Ring in Heart Copyright"). See Exhibit D, the Copyright Certification of the Wearing Ring in Heart Copyright.

    *ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 10, and therefore deny those allegations. Defendants admit Exhibit D appears to show a copyright registration; however, no original deposits are present.

11. On October 13, 2023, Copyright Registration No.VA 2-375-641 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled I WISH YOU LIVED NEXT DOOR (the "I WISH YOU LIVED NEXT DOOR Copyright"). See Exhibit E, the Copyright Certification of the I WISH YOU LIVED NEXT DOOR Copyright.

    *ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 11, and therefore deny those allegations. Defendants admit Exhibit E appears to show a copyright registration; however, no original deposits are present.

12. On October 13, 2023, Copyright Registration No.VA 2-375-636 was issued pursuant to 37 C.F.R. § 202.4(i). The Copyright is for 2-D artwork published January 1, 2022, titled Retro Halloween Ghost Dog (the "Retro Halloween Ghost Dog Copyright," collectively with COUPLE GHOST Copyright, I WISH YOU LIVED NEXT DOOR Copyright and

Wearing Ring in Heart Copyright, as "Asserted Copyrights"). See Exhibit F, the Copyright Certification of the Retro Halloween Ghost Dog Copyright.

*ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 12, and therefore deny those allegations. Defendants admit Exhibit F appears to show a copyright registration; however, no original deposits are present.

13. Plaintiff is the author of the four Asserted Copyrights and has at all times been the sole owner of all right, title and interest in and to the Asserted Copyrights, including without limitation the rights to reproduce the copyrighted works in copies, to prepare derivative works based upon the copyrighted works, and to distribute copies of the copyrighted works to the public by sale or other transfer of ownership, or by rental, lease, or lending.

    *ANSWER:* Defendants deny the allegations in paragraph 13.

14. Plaintiff sells its own products that embody the copyrighted work of the Asserted Copyrights through his own websites, https://www.urbanvesttn.com; https://www.welovejewel.com; https://www.forlovergift.com/. Plaintiff's products are well-established and popular in the United States market.

    *ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 14, and therefore deny those allegations.

15. The success of Plaintiff's products has resulted in significant infringement of the products' corresponding intellectual property rights.

    *ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 15, and therefore deny those allegations.

16. Plaintiff is informed and believes and thereon alleges that, without Plaintiff's authorization, Defendant created, sold, manufactured, caused to be manufactured, and distributed the products comprised, at least in part, featuring three design that are identical, or substantially similar, to the copyrighted design of Plaintiff's Asserted Copyrights (hereinafter the "Accused Products") on through their websites. See Exhibit G.

    *ANSWER:* Defendants deny the allegations in paragraph 16 except that Defendants have not entered any licensing agreement or contract with Plaintiff.

17. On information and belief, Defendants facilitate sales by designing the Defendants' Internet Stores so that they appear to unknowing consumers to be authorized online retailers, outlet stores, or wholesalers selling genuine Plaintiff's products.

    *ANSWER:* Defendants deny the allegations in paragraph 17.

18. Plaintiff has not licensed or authorized Defendants to use the Asserted Copyrights, and none of the Defendants are authorized retailers of genuine Plaintiff's products.

    *ANSWER:* Defendants deny the allegations in paragraph 18 except that Defendants have not entered any licensing agreement or contract with Plaintiff.

19. Defendants in this case and defendants in other similar cases against online infringers use a variety of other common tactics to evade enforcement efforts. For example, infringers like Defendants will often register new online website under new aliases once they receive notice of a lawsuit. Infringers also typically ship products in small quantities via international mail to minimize detection by U.S. Customs and Border Protection.

    *ANSWER:* Defendants deny the allegations in paragraph 19.

20. Infringers also often move website hosting to rogue servers located outside the United States once notice of a lawsuit is received. Rogue servers are notorious for ignoring take down demands sent by brand owners.

    *ANSWER:* Defendants deny the allegations in paragraph 20.

21. Further, infringers such as Defendants typically operate multiple credit card merchant accounts and PayPal accounts behind layers of payment gateways so that they can continue operation in spite of Plaintiffs' enforcement efforts.

    *ANSWER:* Defendants deny the allegations in paragraph 21.

22. Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts or other financial accounts to off-shore bank accounts outside the jurisdiction of this Court. Indeed, analysis of PayPal transaction logs from previous similar cases indicates that offshore infringers regularly move funds from U.S.-based PayPal accounts to China-based bank accounts outside the jurisdiction of this Court.

    *ANSWER:* Defendants deny the allegations in paragraph 22.

23. The joinder of Defendants is also proper, because Defendants act in concert and providing the same email address, IP@whosebilling.com, for communicating regarding the intellectual property rights. See Exhibit A and Exhibit B. Defendants also share the same terms of service with substantially the same contents.

    *ANSWER:* Defendants lack knowledge or information sufficient to form a belief as to the allegations in paragraph 23, and therefore deny those allegations.

24. Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the Asserted Copyrights in connection with the

7

advertisement, distribution, offering for sale, and sale of Accused Products into the United States and Illinois over the Internet.

*ANSWER:* Defendants deny the allegations in paragraph 24 except that Defendant has not entered any licensing agreement or contract with Plaintiff.

25. Defendants' unauthorized shipping and selling counterfeit Plaintiff's products into United States, including Illinois, which is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

*ANSWER:* Defendants deny the allegations in paragraph 25.

**COUNT I – INFRINGEMENT OF COPYRIGHT REG. VA 2-375-647 AND 2-375-634**

26. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

*ANSWER:* Defendants incorporate their answers set forth in the preceding paragraphs as if fully set forth herein.

27. Plaintiff is the right owner of the registered copyrights, No.VA 2-375-647 and 2- 375-634.

*ANSWER:* Defendants deny that allegations in paragraph 27.

28. Plaintiff is informed and believes and thereon alleges that Firegemss, and had access to the Subject Designs, including, without limitation, through (a) access to Plaintiff's products and website; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or, including without limitation international and/or overseas converters and suppliers; (c) access to Plaintiff's strike-offs and samples.

*ANSWER:* Defendant Firegemss denies the allegations in paragraph 28.

29. Plaintiff is informed and believes and thereon alleges that Firegemss infringed Plaintiff's copyrights by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling magnetic pixel cubes which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

    *ANSWER:* Defendant Firegemss denies the allegations in paragraph 29.

30. Due to Firegemss' acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

    *ANSWER:* Defendant Firegemss denies the allegations in paragraph 30.

31. Due to Firegemss' acts of copyright infringement as alleged herein, Firegemss has obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Firegemss' profits directly and indirectly attributable to Firegemss' infringement of the Subject Designs in an amount to be established at trial.

    *ANSWER:* Defendant Firegemss denies the allegations in paragraph 31.

32. Plaintiff is informed and believes and thereon alleges that Firegemss has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Firegemss to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

    *ANSWER:* Defendant Firegemss denies the allegations in paragraph 32.

**COUNT II – INFRINGEMENT OF COPYRIGHT REG. VA 2-375-641 AND 2-375-636**

33. Plaintiff incorporates by reference the allegations set forth above in this Complaint as if fully set forth herein.

    *ANSWER:* Defendants incorporate their answers set forth in the preceding paragraphs as if fully set forth herein.

34. Plaintiff is the right owner of the registered copyright, No.VA 2-375-641, and 2- 375-636.

    *ANSWER:* Defendants deny that allegations in paragraph 34.

35. Plaintiff is informed and believes and thereon alleges that Mytopcustom, and had access to the Subject Design, including, without limitation, through (a) access to Plaintiff's products and website; (b) access to illegally distributed copies of the Subject Design by third-party vendors and/or, including without limitation international and/or overseas converters and suppliers; (c) access to Plaintiff's strike-offs and samples.

    *ANSWER:* Defendant mytopcustom denies the allegations in paragraph 35.

36. Plaintiff is informed and believes and thereon alleges that Mytopcustom infringed Plaintiff's copyright by creating, making, and/or developing directly infringing and/or derivative works from the Subject Designs and by producing, distributing and/or selling magnetic pixel cubes which infringe the Subject Designs through a nationwide network of retail stores, catalogues, and through on-line websites.

    *ANSWER:* Defendant mytopcustom denies the allegations in paragraph 36.

37. Due to Mytopcustom's acts of infringement, Plaintiff has suffered substantial damages to its business in an amount to be established at trial.

    *ANSWER:* Defendant mytopcustom denies the allegations in paragraph 37.

38. Due to Mytopcustom's acts of copyright infringement as alleged herein, Mytopcustom has obtained direct and indirect profits they would not otherwise have realized but for their infringement of the Subject Designs. As such, Plaintiff is entitled to disgorgement of Mytopcustom's profits directly and indirectly attributable to Mytopcustom's infringement of the Subject Designs in an amount to be established at trial.

    *ANSWER:* Defendant mytopcustom denies the allegations in paragraph 38.

39. Plaintiff is informed and believes and thereon alleges that Mytopcustom has committed acts of copyright infringement, as alleged above, which were willful, intentional, and malicious, which further subjects Mytopcustom to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to one hundred fifty thousand dollars ($150,000.00) per infringement. Within the time permitted by law, Plaintiff will make its election between actual damages and statutory damages.

    *ANSWER:* Defendant mytopcustom denies the allegations in paragraph 39.

**AFFIRMATIVE DEFENSES**

Defendants list the following affirmative defenses in response to Plaintiff's allegations. Defendants reserve the right to amend their answers to add additional Affirmative Defenses consistent with the facts discovered in this action.

1. **INVALIDITY**

Defendants are not liable to Plaintiff because Plaintiff's Copyrights are invalid because they contain no original creativity sufficient of protection under the Copyright Act. Specifically, Plaintiff's Copyrights are common words, shapes, facts, and/or phrases. Further, prior art predating Plaintiff's alleged first publication dates invalidates Plaintiff's Copyrights.

2. **NON-INFRINGEMENT**

Defendants have not infringed and do not infringe Plaintiff's Copyrights. Defendants have not engaged in copyright infringement. Specifically, Defendants' products contain significant differences such that Defendants do not improperly appropriate Plaintiff's Copyrights.

3. **FIRST AMENDMENT**

Defendants are not liable to Plaintiff under any of Plaintiff's Claims because Defendants' alleged use of Plaintiff's purported Copyrights is protected under the First Amendment of the Constitution. Plaintiff attempts to claim rights to factual, common-domain material and phrases.

4. **LACHES, ESTOPPEL, ACQUIESCENCE, WAIVER, AND UNCLEAN HANDS**

Plaintiff's attempted enforcement of Plaintiff's Copyrights against Defendants is barred by one or more of the equitable doctrines of laches, estoppel, acquiescence, waiver, and unclean hands. For example, the claimed works are common words and phrases found throughout the market for a long time period, and Plaintiff submitted to the USPTO that such works were original to them.

## COUNTERCLAIMS

Counterclaim Plaintiffs Firegemss and mytopcustom ("Counterclaim Plaintiffs") alleges as follows against Counterclaim Defendant Lele Zhang ("Counterclaim Defendant").

## INTRODUCTION

1. Counterclaim Plaintiffs are business entities operating out of the People's Republic of China. Counterclaim Plaintiffs each own and operate an Internet Store selling many different products, including textiles.

2. Upon information and belief based solely on Paragraph 1 of the Complaint as pled by Plaintiff, Counterclaim Defendant is an individual residing in Zhejiang, China.

## JURISDICTION AND VENUE

3. Counterclaim Plaintiffs incorporate by reference Paragraphs 1–2 above.

4. This Court has jurisdiction over Counterclaim Plaintiffs' counterclaims under 28 U.S.C. § 1367 because they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy.

5. Counterclaim Defendant has consented to the personal jurisdiction of this Court at least by commencing its action in this District, as set forth in its Complaint.

6. Based solely on Plaintiff's original filing of this action, venue is proper in this District pursuant to at least 28 U.S.C. §§ 1391.

## COUNTERCLAIM I – DECLARATION OF INVALIDITY

7. Counterclaim Plaintiffs incorporate and reallege the allegations of paragraphs 1-6 of the counterclaims.

8. Counterclaim Plaintiffs bring this action for declaratory judgment of invalidity of U.S. Copyrights VA 2-375-647; VA 2-375-634; VA 2-375-641; and VA 2-375-636 ("Alleged Copyrights").

9. Counterclaim Defendant has alleged that Counterclaim Plaintiffs have infringed the Alleged Copyrights. Counterclaim Plaintiffs have denied the allegations.

10. The Alleged Copyrights are invalid pursuant to 17 U.S.C. 102 because the Alleged Copyrights are not original works of authorship created by Counterclaim Defendant.

11. Based on information and belief, the Alleged Copyrights are published in the public domain by third parties before Counterclaim Defendant's alleged first publication date of the Alleged Copyrights.

12. Based on information and belief, the Alleged Copyrights are within the public domain and not subject to copyright protection by Counterclaim Defendant. For example, Alleged Copyright VA 2-375-634 is a stock image found on Shutterstock (https://www.shutterstock.com/image-vector/line-art-bride-groom-couple-love-2120184212) created by a different individual.

13. The Alleged Copyrights are common words, phrases, facts, shapes, and/or symbols that are not entitled to copyright protection.

14. Upon information and belief, Counterclaim Defendant had actual or constructive knowledge of the prior publications of the Alleged Copyrights when filing for copyright protection of the Alleged Copyrights at the United States Copyright Office.

15. Upon information and belief, Counterclaim Defendant falsified the alleged first publication dates of the Alleged Copyrights to the United States Copyright Office.

**COUNTERCLAIM II – UNFAIR COMPETITION**

15

16. Counterclaim Plaintiffs incorporate and reallege the allegations of paragraphs 1-15 of the counterclaims.

17. Counterclaim Plaintiffs are seeking to compete with Counterclaim Defendant in the U.S. market for textiles. Counterclaim Defendant's exclusionary conduct as alleged herein—whether or not such conduct constitutes a violation of the Sherman Act—has unreasonably interfered with Counterclaim Plaintiffs' ability to compete in that market, is not protected by any privilege, and constitutes unfair competition in violation of the common law of the State of Illinois.

18. As a direct and proximate result of Counterclaim Defendant's exclusionary conduct in violation of the common law of the State of Illinois, Counterclaim Plaintiffs have been injured and financially damaged in their business and property in an amount to be determined at trial.

19. The damages Counterclaim Plaintiffs have suffered and continue to suffer include the cost of defending the various litigations brought by Counterclaim Defendant, including but not limited to legal fees in defending litigation, as well as forced diversion of resources away from other aspects of Counterclaim Plaintiffs' businesses. Counterclaim Plaintiffs have lost and continue to lose profits, their reputation, and their market.

20. Unless Counterclaim Defendant is enjoined, Counterclaim Defendant will continue to engage in the exclusionary conduct alleged above. Unless and until the Court enjoins such acts, practices, and conduct, Counterclaim Plaintiffs are suffering and will continue to suffer irreparable injury.

**COUNTERCLAIM III - TORTIOUS INTERFERENCE - INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (15 U.S.C. § 1125(a))**

16

21. Counterclaim Plaintiffs incorporate by reference Paragraphs 1–20 above.

22. Counterclaim Defendant has inflicted intentional interference with prospective economic advantage through misrepresentations made to the United States District Court for the Northern District of Illinois, to the United States Copyright Office, and to the public to bar the Counterclaim Plaintiffs from the continued sale of its established products.

23. This has caused intentional harm to Counterclaim Plaintiffs and acts as a causal connection between the Counterclaim Defendant's conduct and the actual harm to the Counterclaim Plaintiffs.

24. Counterclaim Plaintiffs have no adequate remedy at law and, if Counterclaim Defendant's actions are not enjoined, Counterclaim Plaintiffs will continue to suffer irreparable harm to their reputation, goodwill of their brands, and ongoing direct economic harm due to the continued bar of their products from sale.

**PRAYER FOR RELIEF**

WHEREFORE, Defendant/Counterclaim Plaintiffs respectfully request the following relief:

a) that the Court adjudge and decree that the unlawful conduct alleged herein constitutes a violation of Illinois common law;

b) that the Court grant permanent injunctive relief based on Counterclaim Defendant's unfair competition in violation of the common law of Illinois;

c) that the Court award compensatory damages to Counterclaim Plaintiffs for Counterclaim Defendant's unfair competition in violation of the common law of the State of Illinois;

d) that the Court award damages to Counterclaim Plaintiffs for Counterclaim Defendant's intentional interference with prospective economic advantage;

e) that the Court grant a declaratory judgment that the Alleged Copyrights are invalid;

f) that the Court award attorneys' fees and costs to Counterclaim Plaintiffs; and

g) any further relief as may be necessary and appropriate.

## JURY DEMAND

Pursuant to Federal Rule of Civil Procedure 38(b), Defendants/Counterclaim Plaintiffs request trial by jury on all issues so triable.

Dated: June 27, 2024                    Respectfully submitted,

/s/ Ge (Linda) Lei
Getech Law LLC
203 N LaSalle Street, Suite 2100,
Chicago, Illinois 60601
T: (312) 888 – 6633
Linda.lei@getechlaw.com
Attorney for Defendant Firegemss
and Defendant mytopcustom

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 27th day of June, 2024, I electronically filed the foregoing document with the clerk of the court for the U.S. District Court, Northern District of Illinois, Eastern Division, using the electronic case filing system of the court. The electronic case filing system sent a "Notice of Electronic Filing" to the attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means.

      /s/ Ge (Linda) Lei
      Ge (Linda) Lei