**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Lele Zhang, | |
| *Plaintiff*, | **CASE NO.** 1:24-cv-4103 |
| v. | |
| Firegemss and Mytopcustom, | |
| *Defendants*. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S**
**MOTION TO STRIKE AFFIRMATIVE DEFENSES AND DISMISS COUNTERCLAIMS**

Plaintiff, Lele Zhang ("Plaintiff"), respectfully submits this Memorandum in support of its Motion to strike Defendants Firegemss and Mytopcustom's (collectively as "Defendants") Affirmative Defenses and Dismiss their Counterclaims.

## I. INTRODUCTION

Plaintiff brought this current lawsuit against Defendants Firegemss and Mytopcustom (collectively as "Defendants") for Declaratory Judgment Copyright Infringement [Dkt. 1]. Plaintiff respectfully requests the Court enter a Preliminary Injunction against Defendants, thereby enjoining Defendants from further infringing Plaintiff's Asserted Copyrights, No.VA 2-375-647, No.VA 2-375-634, No.VA 2-375-641, No.VA 2-375-636 (collectively, the "Asserted Copyrights"). Defendants filed an answer to Plaintiff's Complaint with four affirmative defenses, and three counterclaims for declaration of invalidity, unfair competition and tortious interference. *See* Dkt. 31. However, all of Defendants' affirmative defenses should be stricken pursuant to Rule 12 (f), and all of Defendants' counterclaims should be dismissed pursuant to Rule 12(b)(6).

1

## II. LEGAL STANDARD

### A.  Standards for Motion to Strike under Ruel 12(f)

Federal Rule of Civil Procedure 12(f) provides that the Court may, on motion or on its own, "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Affirmative defenses are properly stricken when they are improper on the face of the pleadings. *Heller Fin. Inc. v. Midwhey Power Co*., 883 F.2d 1286, 1294-95 (7th Cir. 1989) (affirming trial court's order striking affirmative defenses, where defendant "omitted any short plain statement of facts and failed totally to allege the necessary elements of the alleged [defense]"). An affirmative defense must satisfy a three-part test to survive a motion to dismiss: "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge." *Renalds v. S.R.G. Rest. Grp.*, 119 F. Supp. 2d 800, 802-803 (N.D. Ill. 2000).

The Seventh Circuit has not yet addressed whether the *Twombly/Iqbal* "plausibility" standard applies when evaluating the sufficiency of affirmative defenses and courts within this district have been divided on the issue. *Compare ADT Sec. Servs. V. Lisle-Woodridge Fire Prot*. *Dist*., 973 F. Supp. 2d 842, 848 (N.D. Ill. 2014) (dismissing an affirmative defense for failing "to plead sufficient facts with the 'plausibility' demanded by the Twombly-Iqbal duo"); *Shield Techs. Corp. v. Paradigm Positioning, LLC*, No. 11-c-6183, 2012 U.S. Dist. LEXIS 135115, *8 (N.D. Ill. September 19, 2012) ("[W]e believe that the test applicable to affirmative defenses should reflect current pleading standards, and therefore adopt the majority view that Twombly and Iqbal apply to affirmative defenses."); *Edwards v. Mack Trucks, Inc*., 310 F.R.D. 382, 386 (N.D. Ill. 2015) (applying Twombly/Iqbal to affirmative defenses); with *Cordero v. Torres*, 2019 U.S. Dist. LEXIS

2

121152, at *16 (N.D. Ill. July 22, 2019) (holding *Twombly/Iqbal* does not apply); *Silberman v. Stewart*, 2021 U.S. Dist. LEXIS 50600, at *2 (N.D. Ill. March 18, 2021) (same); *Aylin & Ramtim, LLC v. Barnhardt*, 2022 U.S. Dist. LEXIS 38755, at *4-10 (N.D. Ill. March 4, 2022) (analyzing Rule 8 and holding that affirmative defenses are afforded more flexibility in pleading). Under even the most flexible approach to pleading, however, Appear purported defenses must be stricken as legally insufficient.

### B.      Standards for Motion to Dismiss under Ruel 12(b)(6)

The legal standard for a motion to dismiss a counterclaim is the same as for a motion to dismiss a complaint. *Cozzi Iron & Metal Inc. v. U.S. Office Equip., Inc*., 250 F.3d 570, 574 (7th Cir. 2001). To survive a motion to dismiss, a party must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A "motion to dismiss under Rule 12(b)(6) is designed to test the legal sufficiency of these factual allegations." *Free Range Presents Dallas, LLC v. Fort Invs. LLC*, 2018 U.S. Dist. LEXIS 206819 at *6 (W.D. Wis. Dec. 7, 2018) (citing Fed. R. Civ. P. 12(b)(6)). "While the pleader need not provide detailed factual allegations, it must provide 'just enough facts to raise [the claim] above the level of mere speculation.'" *Free Range Presents Dallas*, 2018 U.S. Dist. LEXIS 206819 at *5-6 (quoting *Riley v. Vilsack*, 665 F. Supp. 2d 994, 997 (W.D. Wis. 2009)) (citations omitted).

### III. ARGUMENT

### A.  Defendants' Affirmative Defenses Should Be Strike.

While the Seventh Circuit has not yet determined whether the heightened pleading standard of *Twombly/Iqbal* applies to affirmative defenses, they are nevertheless, at a minimum, held to the pre-Twombly pleading standard. *Jones v. UPR Prods*., 2015 U.S. Dist. LEXIS 69594, *5 (N.D. Ill. May 29, 2015). Accordingly, affirmative defenses must "give fair notice by pleading some minimal statement of facts in support of the affirmative defense, rather than pleading mere 'bare

bones' legal conclusions." *Id*.; *see also Heller Financial, Inc. v. Midwhey Powder Co*., 883 F.2d 1286, 1295 (7th Cir. 1989). Further, "equitable defenses . . . must be pleaded with the specific elements required to establish the defense." *Kimbrew v. Advocate Health & Hosps. Corp*., No. 12-C-4531, 2010 U.S. Dist. LEXIS 136330, at *3 (N.D. Ill. Dec. 8, 2010). However, each of the fou affirmative defenses listed Defendants contain only a single conclusion of law with no supporting factual statements at all.

**First, Defendants' first affirmative defense - invalidity, should be stricken.** "[A]n affirmative defense cannot merely repeat a defendant's denial of allegations contained in the complaint." *Sarkis' Cafe, Inc. v. Sarks in the Park, LLC*, No. 12 C 9686, 2014 WL 3018002, at *4 (N.D.Ill. July 3, 2014). If the defendant has already placed the matters at issue by denying allegations in its answer, the defendant "cannot raise these matters again via an affirmative defense." *Renalds v. S.R.G. Rest. Grp*., 119 F.Supp.2d 800, 804 (N.D.Ill.2000). This is in the nature of a denial and has been pleaded as such in their Answer to the Complaint. *See* Dkt. 31, ¶¶13, 26-39. It is improperly pleaded and superfluous as an affirmative defense and therefore, is stricken. *Energetec Sys., Inc. v. Kayser*, No. 84 C 10611, 1986 WL 8058, at *1 (N.D. Ill. July 17, 1986) (citing Bobbitt v. Victorian House, Inc., 532 F. Supp. 734, 736 (N.D. Ill. 1982)).

**Second, Defendants' second affirmative defense – non-infringement, should be stricken.** This affirmative defense should be stricken because copyright invalidity is a denial, not an affirmative defense. *Int'l Tax Advisors, Inc. v. Tax L. Assocs., LLC*, No. 08 C 2222, 2011 WL 612093, at *4 (N.D. Ill. Feb. 15, 2011) (*citing Energetec Sys., Inc. v. Kayser*, No. No. 84 C 10611, 1986 WL 8058, at *1 (N.D.Ill. July 17, 1986) (striking affirmative defense of copyright invalidity as improperly pleaded); *Bobbitt v. Victorian House, Inc*., 532 F.Supp. 734, 736 (N.D.Ill.1982)

("[A]n affirmative defense [is] something that generally admits the matters in a complaint but suggests some other reason why there is no right of recovery."))

**Third, Defendants' third affirmative defense – first amendment, should be stricken.** The Supreme Court iterated that it has repeatedly recognized that "generally applicable laws do not offend the First Amendment simply because their enforcement against the press has incidental effects on its ability to gather and report the news." *Cohen v. Cowles Media Co*., 501 U.S. 663, 669-70 (1991). Copyright law is a "generally applicable law" that limits First Amendment freedoms: "The press, like others interested in publishing, may not publish copyrighted material without obeying the copyright laws." *Chicago Sch. Reform Bd. of Trustees v. Substance, Inc*., 79 F. Supp. 2d 919, 926 (N.D. Ill. 2000). Thus, First Amendment affords no protection for Defendants' actions, the defenses must be stricken. *Id.*, at 929.

**Fourth, Defendants' fourth affirmative defense – Laches, Estoppel, Acquiescence, Waiver, and Unclean Hands, should be stricken.** "Laches, waiver, estoppel, and unclean hands are equitable defenses that must be pled with the specific elements required to establish the defense." *Voeks v. Wal-Mart Stores, Inc*., No. 07-C-0030, 2008 WL 89434, at *6 (E.D. Wis. Jan. 7, 2008).

The doctrine of laches is derived from the maxim that those who sleep on their rights lose them. *Chattanoga Mfg., Inc. v. Nike, Inc*., 301 F.3d 789, 792 (7th Cir. 2002). For laches to apply, the defendant must show that (1) the plaintiff had knowledge of the defendant's use of an allegedly infringing mark, (2) the plaintiff inexcusably delayed in taking action with respect to the defendant's use, and (3) the defendant would be prejudiced by allowing the plaintiff to assert its rights at this time. *Id.* at 792–93. And acquiescence is similar to the defense of laches. *Piper Aircraft Corp. v. Wag-Aero, Inc*., 741 F.2d 925, 933 (7th Cir. 1984). Acquiescence involves an

intentional abandonment of rights and is typically invoked in trademark cases. *Id.* In the context of copyright infringement, the defense of equitable estoppel applies "when a copyright owner engages in intentionally misleading representations *1012 concerning his abstention from suit, and the alleged infringer detrimentally relies on the copyright owner's deception...." *Soos & Assocs., Inc. v. Five Guys Enterprises, LLC*, 425 F. Supp. 3d 1004, 1011–12 (N.D. Ill. 2019) (cite omitted). The doctrine of waiver "acknowledges that a right may be 'taken away from its holder as a penalty for failure to assert it in a clear and timely manner.' " *Myers v. Harold*, 279 F. Supp. 3d 778, 779 (N.D. Ill. 2017).

Here, Defendants fail to provide any factual basis for these affirmative defenses for laches, estoppel, acquiescence, and wavier. *See* Dkt. 31, pp. 12-13. Thus, these affirmative defenses should be stricken. *State Farm Mut. Auto. Ins. Co. v. Riley*, 199 F.R.D. 276, 279 (N.D. Ill. 2001) ("It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense—which after all is the goal of notice pleading."). *Manley v. Boat/U.S. Inc.*, No. 13-CV-5551, 2016 WL 1213731, at *5 (N.D. Ill. Mar. 29, 2016) ("Were it acceptable to allege boilerplate affirmative defenses in this fashion, a party could simply cut and paste Rule 8(c)'s list of affirmative defenses (along with any other recognizable affirmative defenses) into its answer so as to preserve each defense should a plausible argument arise at some point down the road.")

### B. Defendants' Counterclaim for Invalidity Should be Dismissed.

In Count I, Defendants requests a declaration judgment of invalidity of all the Asserted Copyrights, because the Asserted Copyrights are not original works of authorship created by Plaintiff. *See* Dkt. 31, ¶¶8-10. However, except the conclusory statement, Defendants merely

alleged that the Copyright VA 2-375-634 is a stock image found on Shutterstock. *See* Dkt. 31, ¶12. Defendants intentionally did not point out that the alleged image was not uploaded to Shutterstock until February 8, 2024. *See* Dkt. 34-4, p. 3. The image was uploaded over three months later than Plaintiff's publication of the products embodies the Copyright VA 2-375-634. See Dkt. 36., pp. 4-5. Moreover, Defendants fail to make any factual allegations in support of their invalid claims against the other Asserted Copyrights. Thus, Defendants fail to state a claim for invalidity that is plausible on its face. *Bell Atl. Corp*., 550 U.S. at 555 (While detailed factual allegations are not required, a counterclaim complaint must set forth "more than labels and conclusions)

Even if the Counterclaim for invalidity should not be dismissed pursuant to Ruel 12(b)(6), this Counterclaim should also be strike for redundant. "The purposes of declaratory judgments are to 'clarify[ ] and settl[e] the legal relations at issue' and to 'terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding.'" *Tempco Elec. Heater Corp. v. Omega Eng'g, Inc*., 819 F.2d 746, 749 (7th Cir. 1987). "It is well settled that the federal courts have discretion to decline to hear a declaratory judgment action, even though it is within their jurisdiction." *Id*. at 747. Likewise, courts may strike *sua sponte* "from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f); *Nielsen Co. (US), LLC v. Truck Ads, LLC*, No. 08 C 6446, 2011 WL 221838, at *5 (N.D. Ill. Jan. 24, 2011). The court's discretion in deciding whether to hear a declaratory judgment action is "broad, and should be based on 'practicality and wise judicial administration.'" *Nielsen*, 2011 WL 221838, at *5 (quoting *Wilton v. Seven Falls* Co., 515 U.S. 277, 288 (1995)). Where a counterclaim merely restates an issue already before the court, "[i]t is well settled that such repetitious and unnecessary pleadings should be stricken." *Green Bay Packaging, Inc. v. Hoganson & Assocs., Inc*., 362 F. Supp. 78, 82 (N.D. Ill. 1973*); see also, e.g., Bodum USA, Inc. v. A Top New Casting*

*Inc.*, No. 16 C 2916, 2016 WL 4440258, at *2 (N.D. Ill. Aug. 23, 2016) (dismissing counterclaim that "essentially presents nothing more than the flip side of [plaintiff's] claims" and "adds nothing to the case beyond the issues that [plaintiff's] claims call upon the Court to adjudicate"); *Intercon Sols., Inc. v. Basel Action Network*, 969 F. Supp. 2d 1026, 1065 (N.D. Ill. 2013) ("[C]ourts routinely dismiss counterclaims that seek to generate an independent piece of litigation out of issues that are already before the court; this includes counterclaims that merely restate an affirmative defense, as well as those which simply seek the opposite effect of the complaint.")

Defendants' invalidity counterclaim is already before the Court through their Answer to the Complaint and affirmative defenses. This is in the nature of a denial and has been pleaded as such in their Answer to the Complaint. *See* Dkt. 31, ¶¶13, 26-39.

The resolution of Plaintiff's copyright infringement claim will also necessarily resolve whether the Asserted Copyrights at issue are calid. Judicial economy will be promoted, and Defendants will suffer no prejudice whatsoever, by eliminating their unnecessary and redundant counterclaim.

Thus, the Court should dismiss Defendants' Count I claim.

### C. Defendants' Counterclaim for Unfair Competition Should be Dismissed.

In Count II, Defendants claim for unfair competition under the common law of the State of Illinois solely based on Plaintiff's action by bringing this lawsuit. *See* Dkt. 31, ¶16-20.

Under Illinois law, the only causes of action that can arise from the wrongful filing of a lawsuit are malicious prosecution and abuse of process. *Havaco of America, Ltd. V. Hollobow*, 702 F.2d 643, 646 (7th Cir.1983). Courts applying Illinois law have repeatedly dismissed unfair competition claims based on the allegedly improper use of litigation as a means of competition. *See, e.g., Knoll Pharmaceuticals Co., Inc. v. TEVA Pharmaceuticals USA, Inc*., 2001 WL 1001117, at *2 (N.D.Ill. Aug.24, 2001); *WorldCom, Inc. v. Transcend Allegiance, Inc*., 1998 WL 111636,

at *2 (N.D.Ill. Mar.6, 1998); *Harris Custom Builders, Inc. v. Hoffmeyer*, 834 F.Supp. 256, 262 (N.D.Ill.1993). In *Doe v. Maywood Housing Authority*, 1994 WL 521050, at *7 (N.D.Ill. Sept.22, 1994), Judge Grady dismissed an unfair competition counterclaim and issued a rule to show cause against the lawyer who filed it, noting that "[a] reasonable prefiling inquiry into the law would have informed [the attorney] that his counterclaim in tort sounded in malicious prosecution, and that the tort of malicious prosecution required him to plead that the underlying case was terminated in his clients' favor."

Thus, Defendants' unfair competition claim should be dismissed.

### D. Defendants' Counterclaim for Tortious Interference Should be Dismissed.

In order to state a claim for tortious interference with prospective economic advantage under Illinois law, a plaintiff must allege: (1) " 'a reasonable expectancy of entering into a valid business relationship, (2) the defendant's knowledge of the expectancy, (3) an intentional and unjustified interference by the defendant that induced or caused a breach or termination of the expectancy, and (4) damage to the plaintiff resulting from the defendant's interference.' " *Adelman–Reyes v. Saint Xavier Univ.*, 500 F.3d 662, 667 (7th Cir.2007).

Here, Defendants fail to show the any reasonable expectancy of entering into a valid business relationship with any third parties. Defendants merely alleged that Plaintiff made misrepresentations to United States District Court for the Northern District of Illinois, to the United States Copyright Office, and to the public. *See* Dkt. 31, ¶22. However, Defendants fail to meet the requirements of Rule 9(b) to allege the intentional misrepresentation. *Adamçzyk v. Lever Bros. Co., Div. of Conopco*, 991 F.Supp. 931, 939 (N.D.Ill.1997); *Cokenour v. Household Intern., Inc*., 2004 WL 725973, *6 (N.D.Ill.2004).

Moreover, under Illinois law "[p]roof of tortious interference with prospective economic advantage requires, among other things, a showing that the tortfeasor acted with actual malice"

*Capital Options Invs., Inc. v. Goldberg Bros. Commodities, Inc.*, 958 F.2d 186, 189 (7th Cir.1992).

Defendants fail to make any factual allegation regarding Plaintiff's actual malice. Further, because Plaintiff acted in good faith to protect its copyrights and protect against consumer confusion, Defendants have not and cannot allege a claim of tortious interference. *Capital Options Invs., Inc. v. Goldberg Bros. Commodities, Inc.*, 958 F.2d 186, 189 (7th Cir. 1992) (for a tortious interference claim to succeed, "the evidence must establish that the individual acted with a desire to harm which was unrelated to the interest he was presumably seeking to protect by bringing about the contract breach") (quoting *Langer v. Becker*, 176 Ill. App. 3d 745, 531 N.E.2d 830, 834, 126 Ill. Dec. 203 (Ill. App. 1988)) (internal quotation marks omitted); *see also ABC v. MaljackProductions, Inc*.,34 F. Supp. 2d at 675 (holding that plaintiff's good faith belief in its copyright interest was sufficient to establish that conduct taken to protect copyright interest was privileged).

Therefore, Defendants fail to state a tortious interference claim and the Count III should be Dismissed.

### IV. CONCLUSION

In view of the foregoing, Plaintiff respectfully requests that this Court strike all of Defendants' affirmative defenses and dismiss all of Defendants' counterclaims.

Date: August 1, 2024

/s/ Wei Wang

Wei Wang, Esq.
GLACIER LAW LLP
41 Madison Avenue, Ste. 2529
New York, NY 10010
wei.wang@glacier.law
332-777-7315
***Attorney for Plaintiff***