```
         IN THE UNITED STATES DISTRICT COURT
        FOR THE NORTHERN DISTRICT OF ILLINOIS
                   EASTERN DIVISION


Lele Zhang,                          )
                                     )
         Plaintiff,                  )
                                     )
                                     )
     v.                              )   No. 24 C 4103
                                     )
                                     )
Firegemss and Mytopcustom,           )
                                     )
         Defendants.                 )
```

## Order

In this suit, plaintiff alleges defendants sold products that infringed on four copyrights: Copyright Registration No. VA 2-375-647 (the "Couple Ghost Copyright"), ECF 1-3; Copyright Registration No. VA 2-375-634 (the "Wearing Ring in Heart Copyright"), ECF 1-4; Copyright Registration No. VA 2-375-641 (the "I Wish You Lived Next Door Copyright"), ECF 1-5; and Copyright Registration No. VA 2-375-636 (the "Retro Halloween Ghost Dog Copyright"), ECF 1-6 (collectively, the "Asserted Copyrights"). I issued a temporary restraining order on May 23, 2024, prohibiting defendants from selling infringing products and temporarily restraining their assets. ECF 10. Plaintiff now moves for a preliminary injunction, which defendants oppose. The motion is granted in part and denied in part.

I.

There are several criteria a movant must satisfy to obtain a preliminary injunction, *see Winter v. Nat. Res. Def. Council*, 555 U.S. 7, 20 (2008), but here defendants focus only on one: likelihood of success on the merits. I have reviewed and accept plaintiff's unopposed arguments as to the other criteria.

To ultimately succeed on a copyright infringement claim, plaintiff will need to show "(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original." *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). Defendants maintain plaintiff is unlikely to succeed on the first element because the Asserted Copyrights are invalid and that plaintiff is unlikely to succeed on the second element as to the I Wish You Lived Next Door Copyright. I consider the parties' arguments as to each Asserted Copyright in turn.

**Retro Halloween Ghost Dog Copyright**

In the complaint and the copyright registration for the Retro Halloween Ghost Dog Copyright, plaintiff asserts a first publication date of January 1, 2022. *See* Compl., ECF 1 ¶ 12; ECF 1-6. Defendants argue that this copyrighted image earlier appeared

in an Amazon listing on November 26, 2021, ECF 34-3, as shown below:[1]



| Plaintiff's Copyright (January 1, 2022) | Amazon Listing (November 26, 2021) |
|---|---|

If the copyrighted image was in fact published by someone else before it was published by plaintiff, that would undercut the requisite originality and call into question the validity of plaintiff's copyright. *See UIRC-GSA Holdings, LLC v. William Blair & Co., L.L.C.*, 90 F.4th 908, 913 (7th Cir. 2024). Plaintiff argues that this November 26, 2021 date "relates only to the date the cited Amazon Standard Identification Number (the 'ASIN') was established, and has little to do with what specific product was actually sold as of November 26, 2021." Reply, ECF 36 at 3. According to plaintiff, a seller can swap out products that retain the same ASIN, but the "date first available" for the listing associated with the ASIN will not change. But plaintiff submits no evidence that this particular listing previously showed a

---

[1] There are some small differences in the images, but plaintiff does not comment on them.

different product, so at most plaintiff injects some uncertainty into whether the copyrighted image appeared before the claimed January 1, 2022 publication date. That might be enough to show some possibility of success on the merits, but it is not enough to show a likelihood of success. *See Ill. Republican Party v. Pritzker*, 973 F.3d 760, 762 (7th Cir. 2020) (observing that "a mere possibility of success is not enough" for preliminary injunction).

Plaintiff also argues that, regardless of whether there was a listing bearing the Retro Halloween Ghost Dog Copyright on November 26, 2021, plaintiff had in fact already published this image on products in an online store "as early as October 21, 2021." Reply at 3; *see also* Zhang Decl., ECF 36-1 ¶¶ 10-11 (referring to website where the products were listed and a screenshot of that website's "backend" showing when the products were listed). Defendants contend that plaintiff could have manipulated the earlier listing date shown in plaintiff's website backend screenshot, referring to source code and pointing to screenshots purportedly showing that edits were made or at least were possible. Plaintiff disputes this, but I need not resolve this dispute because it is enough that, when faced with what appears to be invalidating prior art, plaintiff for the first time revealed an earlier date of first publication, and claimed that earlier publication was on a website not referred to anywhere else

4

up to this point in the litigation. The abrupt introduction of these new facts arouses sufficient suspicion to bring plaintiff below the likelihood of success on the merits needed for a preliminary injunction, especially where it would have always been in plaintiff's interest to have stood on this earlier first date of publication.

**Wearing Ring in Heart Copyright**

As with the other Asserted Copyrights, plaintiff maintains in the complaint and copyright registration that the Wearing Ring in Heart Copyright was first published on January 1, 2022. *See* Compl. ¶ 10; ECF 1-4. Defendants' argument that the Wearing Ring in Heart Copyright is invalid is more roundabout. They point to a similar image uploaded to Shutterstock on February 8, 2022, ECF 34-4, shown below:



Defendants assert that because of the uncertainty swirling around the publication date of the Retro Halloween Ghost Dog

5

Copyright, I should assume that the Wearing Ring in Heart Copyright was not actually published until sometime after the Shutterstock image. In further support, defendants refer me to https://web.archive.org, which they characterize as "a non-profit library capturing publications across the internet and reputable in determining a URL['s] publication date." Resp., ECF 34 at 6. Entering the websites on which plaintiff alleges in the complaint to sell the products at issue, defendants claim, show the products were not available until 2023.

None of this is sufficient, however, to overcome the presumption of validity of the date of first publication listed on the copyright registration to which plaintiff is entitled. *See* 17 U.S.C. § 410(c) ("In any judicial proceedings the certificate of a registration made before or within five years after first publication of the work shall constitute prima facie evidence of the validity of the copyright and of the facts stated in the certificate.").[2] Thus, defendants' attempt to undermine what otherwise appears to be a valid copyright by pointing to a similar publication post-dating publication date claimed in the copyright

---

[2] Defendants make the same argument--that https://web.archive.org shows the claimed publication and sale sources were unavailable until 2023--with respect to the I Wish You Lived Next Door Copyright and the Couple Ghost Copyright. The argument is rejected as to those copyrights for the reasons given above.

registration fails, and I grant plaintiff's motion for a preliminary injunction as to the Wearing Ring in Heart Copyright.

**I Wish You Lived Next Door Copyright**

Plaintiff asserts in the complaint and copyright registration that the I Wish You Lived Next Door Copyright was first published on January 1, 2022. *See* Compl. ¶ 11; ECF 1-5. Defendants argue that "substantially similar" or "virtually identical" listings have appeared online as early as 2020 and includes links to those purported listings. Resp. at 7. But none of the images to which defendants point are sufficiently similar to constitute prior art. Nor am I persuaded by defendants' argument that the I Wish You Lived Next Door Copyright consists of copied material plus the addition of uncopyrightable phrases and common shapes. Instead, the image considered as a whole, including consideration of the various shapes in relation to one another, suffices to show originality at this stage. *See Feist Publ'ns, Inc.*, 499 U.S. at 345–46 (holding "[o]riginality does not signify novelty" and that "independent creation plus a modicum of creativity" are sufficient).

Defendants further argue that, even if the I Wish You Lived Next Door Copyright is valid, they have not infringed it because their listings include an individual's name under each house in the image, as shown below:

7

| Plaintiff's Copyright | Defendants' Product |
| --- | --- |



In defendants' view, the inclusion of these names renders their listings sufficiently distinct from the copyrighted image. But the image in defendants' listing "is 'so similar to the plaintiff's work that an ordinary reasonable person would conclude that the defendant unlawfully appropriated' the protectable elements of the work." *Nova Design Build, Inc. v. Grace Hotels, LLC*, 652 F.3d 814, 818 (7th Cir. 2011) (quoting *Incredible Techs., Inc. v. Virtual Techs., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005)). Accordingly, at this stage, plaintiff has sufficiently shown a likelihood of success on the merits as to the I Wish You Lived Next Door Copyright and is entitled to a preliminary injunction as to that copyright.

**Couple Ghost Copyright**

In both the complaint and copyright registration, plaintiff maintains that the Couple Ghost Copyright was first published on

January 1, 2022. *See* Compl. ¶ 9; ECF 1-3. Defendant argues that the copyright is invalid based on prior art published on October 7, 2021. ECF 34-6. A comparison of the two images is shown below:



The image subject to the Couple Ghost Copyright contains "sufficient nontrivial expressive variation" from the October 7, 2021, image "to make it distinguishable from [that] underlying work in some meaningful way." *Shrock v. Learning Curve Int'l, Inc.*, 586 F.3d 513, 521 (7th Cir. 2009). Thus, plaintiff has shown a likelihood of success on the merits as to this copyright.

II.

Defendants argue that, should a preliminary injunction be issued, the asset restraint imposed in the temporary restraining order should be reduced. Generally, asset restraints are unavailable where a plaintiff seeks a money judgment, *Grupo Mexicano de Desarrollo S.A. v. All. Bond Fund, Inc.*, 527 U.S. 308, 331–33 (1999), except where, as here, a plaintiff seeks an equitable remedy like disgorgement of profits, *see Banister v.*

9

*Firestone*, No. 17 C 8940, 2018 WL 4224444, at *9 (N.D. Ill. Sept. 5, 2018). Still, any asset restraint "must be limited only to what is reasonably necessary to secure the (future) equitable relief." *Deckers Outdoor Corp. v. P'ships & Unincorporated Ass'ns Identified on Schedule A*, No. 13 C 07621, 2013 WL 12314399, at *2 (N.D. Ill. Oct. 31, 2013). "[I]f the amount of profits is known, then the asset freeze should apply only to that specific amount, and no more." *Id.* "The burden is on the party seeking relief to present documentary proof that particular assets [are] not the proceeds of counterfeiting activities." *Luxottica USA LLC v. The Partnerships & Unincorporated Ass'ns Identified on Schedule "A"*, No. 14 c 9061, 2015 WL 3818622, at *5 (N.D. Ill. June 18, 2015) (citation and internal quotation marks omitted).

The current asset restraint extends to all the funds in several of defendants' accounts. Plaintiff maintains this is appropriate, since an award of statutory damages could exceed $150,000 per defendant. *See* 17 U.S.C. § 504(c)(2) (permitting statutory damages of $150,000 for defendants found to have committed willful infringement). But statutory damages are a legal, not an equitable, remedy, so they have no bearing on the appropriate scope of an asset freeze. Plaintiff has nothing to say about the likely profits defendants have obtained through infringing activities.

Each defendant has filed an affidavit from one of its representatives that includes a table showing sales of the allegedly infringing products. Sun Decl., ECF 34-1 ¶ 7; Dai Decl., ECF 34-2 ¶ 7. The tables include a separate entry for each sales transaction, identifying the product, order number, quantity, and price. This information is enough, at the very least, to create a rebuttable presumption of the likely revenue defendants have received from sale of the allegedly infringing products, and revenue will necessarily exceed the profits from those sales.

Despite being permitted by the temporary restraining order to perform expedited discovery since May 23, 2024, plaintiff offers nothing to rebut this information other than a general assertion that the figures cannot be trusted. I therefore find that defendants have carried their burden for now of showing an upper threshold to the profits plaintiff could expect to recover if successful in this litigation and will reduce the asset freeze imposed in the preliminary injunction order accordingly.

Defendants also request that the injunction bond be increased from $10,000 to $300,000, but offer nothing other than conclusory assertions that $10,000 is insufficient and $300,000 would be better. That request is thus denied. *See Monster Energy Co. v. Wensheng*, 136 F. Supp. 3d 897, 911 (N.D. Ill. 2015) ("The burden of establishing the bond amount rests with the party to be

restrained, who is in the best position to determine the harm it will suffer from a wrongful restraint." (collecting cases)).

III.

For the foregoing reasons, plaintiff's motion for a preliminary injunction is granted in part and denied in part. The motion is denied as to the Retro Halloween Ghost Dog Copyright and is granted as to the remaining three copyrights. The preliminary injunction will include an asset restraint that applies only to the total revenue from sales of products allegedly infringing those three copyrights as identified by defendants' declarations; the injunction bond will remain the same. The parties shall submit to the court's proposed order inbox a proposed preliminary injunction order consistent with this order no later than August 20, 2024.

**ENTER ORDER:**

*[signature]*

**Elaine E. Bucklo**
United States District Judge

Dated: August 16, 2024