UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Lele Zhang,<br><br>      *Plaintiff*,<br><br> v.<br><br>Firegemss and Mytopcustom,<br><br>      *Defendants*. | **CASE NO.** 1:24-cv-4103 |

**PRELIMINARY INJUNCTION ORDER**

  **THIS CAUSE** is before the Court upon Plaintiff Lele Zhang's ("Plaintiff") Motion for Preliminary Injunction, and this Court having heard the evidence before it hereby GRANTS Plaintiff's Motion for Entry of a Preliminary Injunction in part against the Defendants Firegemss and Mytopcustom (collectively as "Defendants").

  THE COURT having determined that it has personal jurisdiction over the Defendants, since Defendants directly targets business activities toward consumers in the United States, including Illinois.

  Specifically, Plaintiff has provided a basis to conclude that Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Plaintiff's Asserted Copyrights, Registration No.VA 2-375-647, No.VA 2-375-634, No.VA 2-375-641, to the residents of Illinois. In this case, Plaintiff has presented screenshot evidence that each Defendant e-commerce store is reaching out

to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using infringing versions of the Asserted Copyrights, *See* Dkt. Nos. 1, 4, which includes screenshot evidence confirming that each Defendant internet store does stand ready, willing and able to ship its infringing goods to customers in Illinois bearing infringing versions of the Asserted copyrights.

The Court finding that injunctive relief previously granted in the Temporary Restraining Order ("TRO") should remain in place through the pendency of this litigation and that issuing this Preliminary Injunction is warranted under Federal Rule of Civil Procedure 65. Evidence submitted in support of this Motion and in support of Plaintiff's previously granted Motion for Entry of a Temporary Restraining Order establishes that Plaintiff has demonstrated a likelihood of success on the merits; that no remedy at law exists; and that Plaintiff will suffer irreparable harm if the injunction is not granted.

Furthermore, Defendants' continued and unauthorized use of the Plaintiff's irreparably harms Plaintiff through loss of customers' goodwill and reputational harm. Monetary damages fail to address such damage and, therefore, Plaintiff has an inadequate remedy at law. Moreover, the public interest is served by entry of this Preliminary Injunction to dispel the public confusion created by Defendants' actions.

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Plaintiff's Motion, is hereby **GRANTED** as follows:

1. Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under or in active concert with them be enjoined and restrained from:

    a. using the Asserted Copyrights or any reproductions, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or

      sale of any product that is not a genuine Plaintiff's product or not authorized by Plaintiff to be sold in connection with the Asserted Copyrights;

  b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Plaintiff product or any other product produced by Plaintiff, that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the Asserted Copyrights;

  c. committing any acts calculated to cause consumers to believe that Defendants' products are those sold under the authorization, control, or supervision of Plaintiff, or are sponsored by, approved by, or otherwise connected with Plaintiff; and

  d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any of Asserted Copyrights, including the Plaintiff Copyrights, or any reproductions, or colorable imitations.

2. Defendants and their officers, affiliates, agents, and employees and any third parties receiving actual notice of this order—including Shopify, Inc and any payment service providers, including any credit card companies, banks, or payment processors such as PayPal—shall, within five (5) business days of receipt of such notice, provide to Plaintiff expedited discovery, including copies of all documents and things currently in their possession, custody, or control related to:

  a. the identities and locations of Defendants, their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including all known contact information and all associated e-mail addresses;

    b. the nature of Defendants' operations and all associated sales, methods of payment for services and financial information, including, without limitation, identifying information associated with the Online Marketplaces and Defendants' financial accounts, as well as providing a full accounting of Defendants' sales and listing history related to their respective Online Marketplaces; and

    c. any financial accounts owned or controlled by Defendants, including their agents, servants, employees, confederates, attorneys, and any persons acting in concert or participation with them, including such accounts residing with or under the control of any banks, savings and loan associations, payment processors or other financial institutions, including, without limitation, Shopify Pay, or other merchant account providers, payment providers, third party processors, and credit card associations (e.g., MasterCard and VISA).

3. Upon Plaintiff's request, those with notice of the injunction, including Third Party Providers as defined in Paragraph 2, shall within five (5) business days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of infringing goods using the Asserted Copyrights.

4. Defendants and their officers, affiliates, agents, and employees shall be restrained and enjoined from transferring or disposing of any money or other of Defendants' assets, in an amount of $1,096.76 for Defendant Mytopcustom, and $340.84 for Defendant Firegemss, until further ordered by this Court.

5. Any Third Party Providers, including PayPal, Alipay, Alibaba, Ant Financial, Wish.com, and Shopify Pay, shall, within five (5) business days of receipt of this Order: locate all accounts and funds connected to Defendants' Seller Storefront and Online Marketplaces, including, but not

limited to, any financial accounts connected to the Defendants' information in the Complaint, restrain and enjoin any such accounts or funds from transferring or disposing of any money or other of Defendants' assets until further ordered by this Court.

6. The $10,000.00 bond posted by Plaintiff shall remain with the Court until a Final disposition of this case or until this Preliminary Injunction is terminated.

7. This Order shall apply to the websites listed in the Complaint, associated e-commerce stores and website, and any other seller identification names, domain names, e-commerce stores, websites, or financial accounts which are being used by Defendants for the purpose of offering for sale, selling or distributing Infringing Products.

**SO ORDERED.**

Dated: August 20, 2024

Elaine E. Bucklo
United States District Judge