UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| LELE ZHANG,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FIREGEMSS AND MYTOPCUSTOM,<br><br>　　　　Defendants. | No. 24 CV 4103<br><br>Judge Georgia N. Alexakis |

ORDER

Plaintiff Lele Zhang is suing defendants Firegemss and Mytopcustom alleging copyright infringement. [1]. Plaintiff has moved to (1) strike defendants' four affirmative defenses and (2) dismiss defendants' three counterclaims. [37]. For the reasons explained below, the Court denies plaintiff's motion in part and grants it in part.

STATEMENT

**A. Motion To Strike Affirmative Defenses**

Relying on Federal Rule of Civil Procedure 12(f), plaintiff moves to strike defendants' affirmative defenses of (1) invalidity, (2) non-infringement, (3) the First Amendment, and (4) laches, estoppel, acquiescence, waiver, and unclean hands. [38] at 2–6.

Rule 12(f) states that "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The Court has "significant discretion in ruling on a motion to strike." *Ehlerding v. Am. Mattress & Upholstery, Inc.*, 208 F. Supp. 3d 944, 951 (N.D. Ind. 2016). As a general matter, these motions are disfavored; they tend to delay proceedings rather than expedite them. *See Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989); *Hoffman-Dombrowski v. Arlington Int'l Racecourse, Inc.*, 11 F. Supp. 2d 1006, 1009 (N.D. Ill. 1998). For a court to grant a motion to strike, the moving party must demonstrate that "the allegations being challenged are so unrelated to plaintiff's claim as to be void of merit and unworthy of any consideration and that the allegations are unduly prejudicial." *Hoffman-Dombrowski, Inc.*, 11 F. Supp. 2d at 1009 (cleaned up). "Prejudice results where the challenged allegation has the effect of confusing the issues or is so lengthy and

complex that it places an undue burden on the responding party." *Id.* at 1009–10 (citing *VPHI, Inc. v. Nat'l Educ. Training Group, Inc.*, No. 94 C 5559, 1995 WL 51405, at *3 (N.D. Ill. Jan. 20, 1995)).

Regarding (1) invalidity and (2) non-infringement, plaintiff argues that these affirmatives defenses are not, as a technical matter, affirmative defenses but rather denials of allegations contained in the complaint [38] at 4; [54] at 2. But plaintiff does not explain why that distinction matters. Plaintiff does not contend, for example, that these affirmative defenses will inject confusion or undue burden into the proceedings. Instead, plaintiff concedes that the issues implicated by these affirmative defenses are already "at issue." [38] at 4.[1] Thus, even if defendants improperly labeled their "denials" as "affirmative defenses," plaintiff has identified no prejudice from the misnomer. *See Davis v. Ruby Foods, Inc.*, 269 F.3d 818, 821 (7th Cir. 2001) (a party should not move "to strike extraneous matter unless its presence in the complaint is actually prejudicial"); *accord Signify N. Am. Corp. v. Menard, Inc.*, No. 22-CV-706-JDP, 2024 WL 1833815, at *1 (W.D. Wis. Apr. 26, 2024); *Bank of Am., N.A. v. Chi. Title Ins. Co.*, No. 17 C 0407, 2017 WL 2215012, at *3 (N.D. Ill. May 18, 2017) ("Moreover, even if the counterclaim and affirmative defenses are entirely duplicative, plaintiff will suffer no prejudice by having to respond to the counterclaim.").

Regarding (3) the First Amendment, plaintiff moves to strike this affirmative defense because it lacks merit. [38] at 5. Where a particular affirmative defense is "patently defective and could not succeed under any circumstances," a motion to strike may be granted. *Chi. Sch. Reform Bd. of Trustees v. Substance, Inc.*, 79 F. Supp. 2d 919, 930 (N.D. Ill. 2000) (citing *Mobley v. Kelly Kean Nissan, Inc.*, 864 F. Supp. 726, 732 (N.D. Ill. 1993)). Here, defendants have alleged that their use of "Plaintiff's purported Copyrights is protected under the First Amendment of the Constitution." [31] at 12. Plaintiff cites *Chicago School Reform* to support its position that this particular affirmative defense is so void of merit that it should be stricken. [38] at 5. But in *Chicago School Reform*, the district court's conclusion that defendants lacked a First Amendment right to publish copyrighted tests was fact-dependent. 79 F. Supp. 2d at 928 ("*Given these facts*, the court finds that Defendants possessed no First Amendment right to publish the copyrighted tests.") (emphasis added). And generally speaking, a motion to strike is not the proper vehicle for resolving the merits of an affirmative defense. *See Top Tobacco, L.P. v. Good Times USA, LLC*, No. 14-CV-8978, 2017 WL 395698, at *3 (N.D. Ill. Jan. 30, 2017). At the end of the day, plaintiff may very well prove right that defendants' constitutional argument lacks merit. But at this stage of the litigation, plaintiff has not established that the affirmative defense

---

[1] In its reply brief, plaintiff separately argues that the affirmative defenses of invalidity and non-infringement have been insufficiently plead and therefore that plaintiff has not been given "any fair notice" of the pertinent underlying facts. [54] at 2. This argument fails where plaintiff has conceded that the issues implicated by the defenses are already in dispute owing to its own complaint.

is so "patently defective" as to warrant striking it. Plaintiff has failed to establish prejudice as well. Plaintiff does not explain, for instance, how this particular affirmative defense threatens to prolong the case or impose burdensome discovery obligations. Indeed, an allegation in a complaint does not entitle a party to discovery that is otherwise irrelevant or disproportionate to the needs of the case.

Regarding (4) laches, estoppel, acquiescence, waiver, and unclean hands, Plaintiff moves to strike these affirmative defenses because defendants have failed to allege a sufficient factual basis. [38] at 6. The Court disagrees with plaintiff's characterization of defendants' pleading.

In the context of this infringement dispute, laches, estoppel, acquiescence, and waiver are all related concepts. "Laches bars a party's rights when: (1) unreasonable delay by plaintiff in seeking redress for the alleged infringement … (2) results in harm or prejudice to the defendant." *Ocean Atl. Woodland Corp. v. DRH Cambridge Homes, Inc.*, No. 02 C 2523, 2003 WL 1720073, at *7 (N.D. Ill. Mar. 31, 2003); *see also Chattanoga Mfg., Inc. v. Nike, Inc.*, 301 F.3d 789, 792 (7th Cir. 2002). "To plead estoppel, defendants must show that the copyright owner was aware of the infringing conduct and yet acted in a way that induced the infringer to reasonably rely upon such action to his detriment." *Ocean Atl. Woodland*, 2003 WL 1720073, at *8 (cleaned up). Acquiescence allows a court to deny relief in an infringement action "if the evidence shows that the owner of the [intellectual property] has, through his words or conduct, conveyed his consent to the defendant's use." *Hyson USA, Inc. v. Hyson 2U, Ltd.*, 821 F.3d 935, 940 (7th Cir. 2016). Lastly, to assert waiver, a defendant must claim that the plaintiff made a "voluntary, intentional relinquishment of a known right." *Int'l Ins. Co. v. Peabody Int'l Corp.*, No. 87 C 0464, 1991 WL 23630, at *3 (N.D. Ill. Jan. 23, 1991).

Here, defendants have alleged that "the claimed works are common words and phrases found throughout the market for a long time period." [31] at 12–13. From this factual averment, plaintiff can reasonably understand the core of defendants' laches, estoppel, acquiescence, and waiver defenses: That plaintiff sat on its rights and did so to defendants' detriment. Under a notice-pleading regime, this is sufficient. *See Heller Fin., Inc.*, 883 F.2d at 1294 (requiring only a "short and plain statement of the facts").

The same is true for the affirmative defense of unclean hands. That defense "is shown by misconduct by the plaintiff involving the transaction complained of, which amounts to fraud, misconduct or bad faith toward the defendant making the contention." *Top Tobacco*, 2017 WL 395698, at *5 (quoting *Energetec Sys., Inc. v. Kayser*, No. 84 C 10611, 1986 WL 8058, at *2 (N.D. Ill. July 17, 1986)). Here, defendant alleges that "Plaintiff submitted to the [United States Patent and Trademark Office]" that plaintiffs' claimed works were original to them" despite their long-standing presence in the market. [31] at 12–13. This factual allegation clearly

3

bears on the defense of unclean hands and provides sufficient notice of the substance underlying that defense. Plaintiff's position that defendants have insufficiently plead using only "boilerplate" language is not well-founded. [38] at 6.

Plaintiff's motion to strike defendants' affirmative defenses is therefore denied.

### B. Motion To Dismiss Counterclaims

Relying on Federal Rule of Civil Procedure 12(b)(6), plaintiff separately moves to strike defendants' three counterclaims: (1) declaration of invalidity; (2) unfair competition; and (3) tortious interference.

To survive dismissal under Rule 12(b)(6), a counterclaim need only "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Courts must accept as true all well-pleaded factual allegations in the counterclaim and draw all reasonable inferences in the plaintiff's favor. *See NewSpin Sports, LLC v. Arrow Elecs., Inc.*, 910 F.3d 293, 299 (7th Cir. 2019). The counterclaim must provide sufficient factual allegations to allow the Court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

Regarding (1) declaration of invalidity, plaintiff argues that defendants have alleged only a "conclusory statement" that "the Asserted Copyrights are not original works created by Plaintiff" and that the sole allegation in support of that statement is factually misleading. *See* [38] at 6 (citing ¶¶ 8–10, 12 of defendants' first counterclaim). Plaintiff's argument ignores the remaining allegations set forth in defendants' first counterclaim. There, defendants allege, among other things, that the works in dispute were "published in the public domain by third parties" before plaintiff's "alleged first publication date"; that plaintiff "had actual or constructive knowledge of the prior publications … when filing for copyright protection"; and that plaintiff "falsified the alleged first publication dates of the Alleged Copyrights to the United States Copyright Office." [31] at ¶¶ 11, 13–15. Plaintiff neither engages with these allegations nor attempts to explain why they are insufficient under Rule 12(b)(6). To the extent plaintiff argues that the counterclaim lacks merit as a factual matter (*e.g.*, [38] at 7), that dispute is not ripe for resolution at this juncture. With respect to plaintiff's argument that this counterclaim is "redundant" of other issues that are already part of this litigation (*e.g.*, [38] at 7–8), that argument fails for the same reasons the Court has denied plaintiff's motion to strike the affirmative defenses of invalidity and noninfringement. Finally, contrary to plaintiff's assertion in its reply ([54] at 3–4), the allegations underlying this counterclaim set forth sufficient facts to satisfy the pleading requirements of Federal Rule of Civil Procedure 9(b). *See* Fed. R. Civ. P. 9(b) ("In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake."); *AnchorBank, FSB*

*v. Hofer*, 649 F.3d 610, 615 (7th Cir. 2011) ("This ordinarily requires describing the 'who, what, when, where, and how' of the fraud, although the exact level of particularity that is required will necessarily differ based on the facts of the case.") (quoting *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. Walgreen Co.*, 631 F.3d 436, 441–42 (7th Cir. 2011)). Defendants allege who made the misrepresentation (plaintiff), what was misrepresented (the alleged first publication dates), when and to whom the misrepresentation was made (to the United States Copyright Office, when filing for copyright protection), and how the misrepresentation was made (by falsifying the alleged first publication dates). Plaintiff's effort to dismiss this particular counterclaim thus fails.

Regarding (2) unfair competition, plaintiff asserts that because defendants' counterclaim is "solely based on Plaintiff's action by bringing this lawsuit," defendants are prohibited from alleging a violation of unfair competition under Illinois common law. [38] at 9. Again, plaintiff does not fairly represent defendants' counterclaim. Defendants unmistakably have alleged that their unfair competition claim also arises out of plaintiff's misrepresentations to the United States Copyright Office. [31] at ¶ 16 (incorporating the factual allegations from ¶¶ 10–15 of defendants' first counterclaim). Assuming those factual allegations are true, defendants' counterclaim may still fall short as a legal matter. *See generally LG Elecs. v. Whirlpool Corp.*, No. 08 C 242, 2010 WL 3521785, at *1–3 (N.D. Ill. Sept. 1, 2010) (describing the elusive nature of an unfair-competition claim under Illinois law). But because the specific argument plaintiff has presented in its motion lacks merit, the Court does not need to consider the soundness of defendants' unfair-competition counterclaim any further.

Regarding (3) tortious interference with prospective economic advantage, to succeed on such a claim, a party must show: "(1) a reasonable expectancy of entering into a valid business relationship; (2) the [tortfeasor's] knowledge of the expectancy; (3) an intentional and unjustified interference by the [tortfeasor] that induced or caused breach or termination of the expectancy; and (4) damage … resulting from the [tortfeasor's] interference. *See Medscript Pharmacy, LLC v. My Script, LLC*, 77 F. Supp. 3d 788, 796 (N.D. Ill. 2015). Plaintiff argues that defendants' counterclaim fails to pass muster at this stage in the litigation because defendants, among other things, have "fail[ed] to show … any reasonable expectancy of entering into a valid business relationship with any third parties." [38] at 9. Here, the Court agrees with plaintiff.

Defendants claim that plaintiff's misrepresentations negatively affected "the continued sale of [defendants'] established products." [31] at 17, ¶ 22. But this allegation fails to identify with any degree of particularity the customers who defendants reasonably expected to purchase their products and also fails to allege a causal link between any alleged misrepresentations by plaintiff and defendants' lost sales. In *O'Driscoll v. Argosy Univ.*, the plaintiff's complaint specifically identified "four employers [who had] expressed an interest in retaining [plaintiff's] services,"

5

further alleged that one of these employers "told [plaintiff] that he would hire her upon checking her references," and even further alleged that she was not hired by this prospective employer after defendant sent a letter directly to the employer with false information about plaintiff. No. 12 C 10164, 2014 WL 714023, at *4 (N.D. Ill. Feb. 25, 2014). Here, by comparison, defendants allege, in purely conclusory fashion, that plaintiff's misrepresentations "act[] as a causal connection . . . [to] the actual harm." [31] at 17, ¶ 23. That isn't enough. *See also Premier Transp., Ltd. v. Nextel Commc'ns, Inc.*, No. 02 C 4536, 2002 WL 31507167, at *3 (N.D. Ill. Nov. 12, 2002) (where complaint failed to allege that "defendants engaged in any conduct directed toward third parties," "that alone is fatal to the tortious interference claims").

Plaintiff's motion to strike defendants' counterclaims is therefore denied in part and granted in part.

## CONCLUSION

For the foregoing reasons, plaintiff's motion [37] is denied in part and granted in part. Defendants' Counterclaim III (tortious interference with prospective economic advantage) is dismissed without prejudice. Defendants have 14 days to amend Counterclaim III, assuming they can cure the deficiencies the Court has identified while still complying with their obligations under Federal Rule of Civil Procedure 11.

The parties are further directed to prepare a joint status report with a proposed discovery schedule and to file that report on or before 10/18/24.

Date: 10/4/24

Georgia N. Alexakis
United States District Judge