UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LELE ZHANG, | Case No.: 1:24-cv-04103 |
| Plaintiff, | **Hon. Georgia N Alexakis** |
| v. | |
| FIREGEMSS AND MYTOPCUSTOM, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF COPYRIGHT OWNER'S MOTION FOR REASONABLE ATTORNEY'S FEES AND COST**

**I.    INTRODUCTION**

A prevailing party in a copyright case is presumptively entitled to recover attorney fees. *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004) ("the presumption in favor of awarding fees is very strong"). Here, Plaintiff Copyright Owner should be awarded reasonable attorney's fees and costs in the amount of $28,430 against defendants Firegemss and Mytopcustom, jointly and severally.

**II.    FACTS**

On May 18, 2024, Plaintiff copyright owner filed a copyright infringement complaint against Defendant Chinese Resellers Firegemss and Mytopcustom. Dkt. 1.

1

On May 23, 2024, Plaintiff earned a TRO (Dkt. 10); after extensive briefing from all parties (Dkts. 18-20, 2, 28-36, 47-49), Plaintiff earned a preliminary injunction against Defendants Firegemss and Mytopcustom on two copyrighted designs. Dkt. 50.

On June 27, 2024, Defendant Chinese Resellers answered and counterclaimed against Plaintiff copyright owner. Dkt. 31.

On November 15, 2024, Defendant Chinese Resellers filed amended counterclaims against Plaintiff copyright owner. Dkt. 62.

On November 23, 2024, the undersigned counsel substituted into this case as counsel for Plaintiff copyright owner, replacing the previous law firm Glacier Law LLP. Dkts. 66-70.

Between December 2024 and April 2025, the parties exchanged extensive discovery, and Defendant Chinese Resellers filed various motions to compel discovery because Defendant Chinese Resellers would not agree to a three-day extension to serve updated discovery responses. Dkts. 75-79.  Judge Gilbert denied all Defendant Chinese Resellers' motions to compel.

Between April and May 2025, Defendant Chinese Resellers attempted several times to proceed pro se, claiming to be sole proprietorships. Dkts. 82-91.

Later, the Court found that Defendant Chinese Resellers were Chinese corporations who could not proceed pro ser. Dkt. 91.  The Court gave Defendant Chinese Resellers multiple opportunities to obtain counsel, but Defendants elected to default in

2

this case. Dkts. 82-91.

The Court entered a default judgement against Defendant Chinese Resellers, award $25,000 damages against each defendant. Dkt. 103.

To date, Defendant Chinese Resellers have not paid any judgment amount.

### III. LEGAL STANDARD

A district court has discretion to award costs and attorneys' fees to the prevailing party in a copyright case. 17 U.S.C. § 505.

"Four nonexclusive factors guide a district court's decision whether to award a prevailing party its fees: (1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective reasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence." *Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*, 77 F.4th 630, 631 (7th Cir. 2023) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

The Seventh Circuit has explained that this list of factors is not exclusive, nor is any one factor determinative. *See Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 350-51 (7th Cir. 2020). Rather what matters is that the court be "sensitive to the facts before it," and the court may "consider any factor that advances the Copyright Act's purposes," as long as it applies those factors equally to plaintiffs and defendants alike. *See Live Face*, 77 F.4th at 631.

3

## IV. DISCUSSIONS

### A. The Four Nonexclusive Factors Counsel Toward Granting Plaintiff Copyright Owner Reasonable Attorney's Fees And Costs.

First, Defendants' counterclaims were frivolous. Here, Defendants counterclaimed against Plaintiff Copyright Owner, asserting that Plaintiff's copyrighted designs were invalid and that Plaintiff used invalid copyright registrations to maliciously cause Defendants business interruption. Dkts. 61 and 62. None of Defendants' assertions had factual support, and Defendants defaulted as soon as Plaintiff Copyright Owner propounded discovery requests on these counterclaims. Liu Decl. ¶ 12. In short, Defendants' counterclaims were frivolous and were filed to cause unnecessary delay and multiplex proceedings.

Second, Defendants' motivation for defending against the suit was to delay proceedings. Here, Defendants asserted counterclaims that had no factual basis and filed various unmeritorious discovery motions (Dkts. 75-79) solely to increase Plaintiff's litigation costs—rather than exploring factual issues in this case. Defendants also misrepresented that they were sole proprietors, even though Defendants' own prior statements identified themselves as China corporations. In short, Defendants' motivation for defending against the suit was to delay.

Third, Plaintiff's claims were reasonable, and Defendants' counterclaims were unreasonable. Plaintiff's copyright infringement claims against Defendants withstood

4

multiple challenges (Dkts. 18-20, 2, 28-36, 47-49), and after a careful review of all issues raised, the Court granted a preliminary injunction based on Plaintiff's copyright infringement. Dkt. 50. In contrast, none of Defendants' counterclaims had factual support, and Defendants defaulted as soon as Plaintiff Copyright Owner propounded discovery requests on these counterclaims. Liu Decl. ¶ 12.

Fourth, the need to advance considerations of compensation and deterrence counsels toward awarding Plaintiff Copyright Owner reasonable attorney's fees and cost. Here, Defendant Chinese Resellers filed various unmeritorious and frivolous counterclaims (Dkts. 31 and 62), insisted on needless discovery motion practice (Dkts. 75-79), and misrepresentations to the Court (Dkts. 82-91). In particular, Defendant Chinese Resellers' various motion to compel were filed because Defendants refused to grant a three-day extension for Plaintiff to serve updated discovery responses. Dkts. 75-79. Judge Gilbert denied all Defendant Chinese Resellers' motions to compel. Thus, award attorney's fees and cost against Defendant Chinese Resellers would thus deter other defendant from pursuing similarly frivolous litigation tactics.

In sum, the four nonexclusive factors counsel toward award Plaintiff reasonable attorney's fees and costs against Defendant Chinese Resellers.

///

///

///

### B. The Requested Attorney's Fees And Costs Are Reasonable.

#### i. The hourly rates of $450 and $400 are reasonable.

First, the undersigned's $400 discounted hourly rate for this matter is reasonable. The undersigned is licensed in the State of California (Bar Number 279327) and have practiced for more than 15 years before state courts in California, Illinois, and New York, as well as the following federal courts: Northern District of California, Southern District of California, Central District of California, Eastern District of California, Southern District of New York, Eastern District of New York, Eastern District of Louisiana, Southern District of Florida, Middle District of Florida Northern District of Illinois, Western District of Pennsylvania, District of Wyoming, District of Colorado, U.S. Court of Appeals for the Ninth Circuit, U.S. Court of Appeals for the Seventh Circuit, and U.S. Court of Appeals for the Federal Circuit.

Moreover, the undersigned has practice copyright litigation for at least eight years and litigation copyright infringement cases in half a dozen federal district courts on behalf of both defendants and plaintiffs.

Second, the Glacier Law LLP $450 hourly rate is also reasonable. Glacier Law LLP has litigated copyright infringement cases throughout the United States and before various federal appeal courts. See https://glacier.law/professionals.

In sum, the hourly rates of $450 and $400 are reasonable.

#### ii. The total attorney's fee requested is reasonable.

Plaintiff Copyright Owner incurred a total of $28,930 attorneys' fees: $8,910 from

Glacier Law LLP (Exhibit A[1]) and $20,020 from undersigned's law firm (Exhibit B[2]).

Given the extensive briefing on the preliminary injunction (Dkts. 18-20, 2, 28-36, 47-49), Defendants' frivolous counterclaims (Dkts. 31 and 62), Defendants' needless discovery motions (Dkts. 75-79), and Defendants' baseless requests to proceed as sole proprietor even though they have already stated that they were corporations (Dkts. 82-91), the requested $28,930 attorneys' fees are reasonable.

    iii.    **The total cost requested is reasonable.**

Here, the total costs requested is $453, including the $405 filing fee and a $48 bond fee. (Exhibit A.)

    **C.**    **The Requested Attorney's Fees And Costs Should Be Award Against Defendants Firegemss And Mytopcustom, Jointly And Severally.**

Here, both defendants engaged the same law firm and pursued the *identical* litigation strategy. Both Defendants opposed the preliminary injunction in the identical way (Dkts. 18-20, 2, 28-36, 47-49). Defendants filed identical counterclaims (Dkts. 31 and 62), pursued identical discovery motions (Dkts. 75-79) and attempted to proceed as sole proprietors.

Plaintiff's attorney's fees were incurred as Defendants joint actions and cannot be

---

[1] Exhibit A is a true and correct copy of the attorney fee and cost invoice provided by Glacier Law LLP.
[2] Exhibit B is a true and correct copy of the attorney fee and cost invoice provided by the undersigned's law firm.

reasonably separated against any single defendant.

## V. CONCLUSION

Plaintiff Copyright Owner should be awarded reasonable attorney's fees and costs in the amount of $28,430 against defendants Firegemss and Mytopcustom, jointly and severally.

Dated: February 4, 2026

Respectfully submitted,

By: /s/ *Zheng "Andy" Liu*
Zheng "Andy" Liu
***Aptum Law***
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Attorney for Plaintiff Lele Zhang*

8

**Certificate of Service**

I hereby certify that on the February 4, 2026, the foregoing document is being electronically served by electronically publishing the document on a website, and sending an e- mail that includes a link to said website to the e-mail addresses below:

| **Name / Seller Alias** | **Email Address** |
|---|---|
| Firegemss | daitianyou0506@gmail.com |
| Mytopcustom | ageelouis313@gmail.com<br>756667575@qq.com |

Dated: February 4, 2026                  /s/ Oscar Lam
                                                            Oscar Lam