UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| LELE ZHANG, | Case No.: 1:24-cv-04103 |
| Plaintiff, | **Hon. Georgia N Alexakis** |
| v. | |
| FIREGEMSS AND MYTOPCUSTOM, | |
| Defendants. | |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF COPYRIGHT OWNER'S MOTION FOR REASONABLE ATTORNEY'S FEES AND COST**

**I.     INTRODUCTION**

Plaintiff appreciates the Court's guidance provided during the February 9, 2026 hearing and respectfully submits this amended motion for reasonable attorney's fee and cost. Plaintiff's revised fee motion *excludes* attorney's fees relating to the four following work items:

1. the TRO;
2. the preliminary injunction;
3. Responding to Defendants' counterclaims; and
4. Responding to Defendant's motion to compel further discovery responses.

Further, Plaintiff is requesting only *half of the total* attorney's fees and cost against defendant Firegemss, after settling all disputes including attorney's fees and cost issue with Defendant Mytopcustom.

1

A prevailing party in a copyright case is presumptively entitled to recover attorney fees. *Assessment Techs. of WI, LLC v. WIREdata, Inc.*, 361 F.3d 434, 436-37 (7th Cir. 2004) ("the presumption in favor of awarding fees is very strong"). Here, guided by the Court's comments during

Here, Plaintiff Copyright Owner should be awarded reasonable attorney's fees and costs in the amount of **$1,1494.25** against defendant Firegemss.

## II. FACTS

On May 18, 2024, Plaintiff copyright owner filed a copyright infringement complaint against Defendant Chinese Resellers Firegemss and Mytopcustom. Dkt. 1.

On May 23, 2024, Plaintiff earned a TRO (Dkt. 10); after extensive briefing from all parties (Dkts. 18-20, 2, 28-36, 47-49), Plaintiff earned a preliminary injunction against Defendants on two copyrighted designs. Dkt. 50.

On June 27, 2024, Defendant Chinese Resellers answered and counterclaimed against Plaintiff copyright owner. Dkt. 31.

On November 15, 2024, Defendant Chinese Resellers filed amended counterclaims against Plaintiff copyright owner. Dkt. 62.

On November 23, 2024, the undersigned counsel substituted into this case as counsel for Plaintiff copyright owner, replacing the previous law firm Glacier Law LLP. Dkts. 66-70.

The Court entered a default judgement against Defendant Chinese Resellers,

2

award $25,000 damages against each defendant. Dkt. 103.

On February 7, 2026, Defendant Mytopcustom settled all claims, including the attorney's fees and cost claim with Plaintiff. Dkt. 111.

To date, Defendant Firegemss has not paid any judgment amount.

### III.     LEGAL STANDARD

A district court has discretion to award costs and attorneys' fees to the prevailing party in a copyright case. 17 U.S.C. § 505.

"Four nonexclusive factors guide a district court's decision whether to award a prevailing party its fees: (1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective reasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence." *Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*, 77 F.4th 630, 631 (7th Cir. 2023) (citing *Fogerty v. Fantasy, Inc.*, 510 U.S. 517, 534 n.19, 114 S. Ct. 1023, 127 L. Ed. 2d 455 (1994)).

The Seventh Circuit has explained that this list of factors is not exclusive, nor is any one factor determinative. *See Timothy B. O'Brien LLC v. Knott*, 962 F.3d 348, 350-51 (7th Cir. 2020). Rather what matters is that the court be "sensitive to the facts before it," and the court may "consider any factor that advances the Copyright Act's purposes," as long as it applies those factors equally to plaintiffs and defendants alike. *See Live Face*, 77 F.4th at 631.

## IV. DISCUSSIONS

### A. The Four Nonexclusive Factors Counsel Toward Granting Plaintiff Copyright Owner Reasonable Attorney's Fees And Costs.

First, Defendant Firegemss' counterclaims appears to lack basis. Here, Defendants counterclaimed against Plaintiff Copyright Owner, asserting that Plaintiff's copyrighted designs were invalid and that Plaintiff used invalid copyright registrations to maliciously cause Defendants business interruption. Dkts. 61 and 62. Defendant Firegemss defaulted as soon as Plaintiff Copyright Owner propounded discovery requests on these counterclaims. Liu Decl. ¶ 12. Thus, Defendant Firegemss' counterclaims appear to lack factual basis.

Second, Defendant Firegemss' motivation for defending against the suit appears to be delaying proceedings. Here, Defendants asserted counterclaims that had appear to lack factual basis and filed various unmeritorious discovery motions (Dkts. 75-79).

Third, Plaintiff's claims were reasonable, and Defendants' counterclaims appeared unreasonable. Plaintiff's copyright infringement claims against Defendants withstood multiple challenges (Dkts. 18-20, 2, 28-36, 47-49), and after a careful review of all issues raised, the Court granted a preliminary injunction based on Plaintiff's copyright infringement. Dkt. 50. In contrast, Defendant Firegemss' counterclaims appeared to lack factual support, because Defendant Firegemss defaulted as soon as Plaintiff Copyright Owner propounded discovery requests on these counterclaims. Liu Decl. ¶ 12.

4

Fourth, the need to advance considerations of compensation and deterrence counsels toward awarding Plaintiff Copyright Owner reasonable attorney's fees and cost. Here, Defendant Firegemss filed various unnecessary and unsuccessful discovery motions (Dkts. 75-79). For example, Defendant Firegemss moved to compel further discovery responses solely based on its refusal to grant a three-day extension for Plaintiff to serve updated discovery responses. Dkts. 75-79. Judge Gilbert denied all Defendant Firegemss' motions to compel. Thus, award attorney's fees and cost against Defendant Chinese Resellers would thus deter other defendant from engaging in unnecessary motion practice.

In sum, the four nonexclusive factors counsel toward award Plaintiff reasonable attorney's fees and costs against Defendant Firegemss.

**B.     The Requested Attorney's Fees And Costs Are Reasonable.**
**i.     The hourly rate of $450 is reasonable.**

First, the undersigned's $450 discounted hourly rate for this matter is reasonable. The undersigned is licensed in the State of California (Bar Number 279327) and have practiced for more than 15 years before state courts in California, Illinois, and New York, as well as the following federal courts: Northern District of California, Southern District of California, Central District of California, Eastern District of California, Southern District of New York, Eastern District of New York, Eastern District of Louisiana, Southern District of Florida, Middle District of Florida Northern District of Illinois, Western District of

5

Pennsylvania, District of Wyoming, District of Colorado, U.S. Court of Appeals for the Ninth Circuit, U.S. Court of Appeals for the Seventh Circuit, and U.S. Court of Appeals for the Federal Circuit.

Moreover, the undersigned has practiced copyright litigation for at least eight years and litigation copyright infringement cases in half a dozen federal district courts on behalf of both defendants and plaintiffs.

Second, the Glacier Law LLP $450 hourly rate is also reasonable. Glacier Law LLP has litigated copyright infringement cases throughout the United States and before various federal appeal courts. See https://glacier.law/professionals.

In sum, the hourly rate of $450 is reasonable.

### ii. The attorney's fee requested is reasonable.

Appreciating the Court's guidance provided during the February 9, 2026 hearing, this amended fee motion *excludes* attorney's fees relating to the four following items:

1. the TRO;
2. the preliminary injunction;
3. Defendant Firegemss' counterclaims;
4. Responding to Defendant's motion to compel further discovery responses;

As shown in the revised invoices, Plaintiff Copyright Owner incurred a total of $22535.50 attorneys' fees: $3,910.50 from Glacier Law LLP (Exhibit A[1]) and $18625.00

---

[1] Exhibit A is a true and correct copy of the attorney fee and cost invoice provided by Glacier Law LLP and revised per Court's guidance provided on February 9, 2026.

from undersigned's law firm (Exhibit B[2]). The total $22535.50 attorneys' fees are reasonable, because the underlying attorney work was necessary to prosecute this case to conclusion.

### iii. The total cost requested is reasonable.

Here, the total cost requested is $453, including the $405 filing fee and a $48 bond fee. (Exhibit A.)

### C. Defendant Firegemss Is Liable For Half Of The Requested Fees And Cost.

One of the two defendants in this case, defendant Firegemss is liable for at least *half* of requested fees and cost. Both defendants engaged the same law firm and pursued the identical litigation strategy. Thus, defendant Firegemss is liable to Plaintiff for **$1,1494.25**, (which is half of the total $22988.50 attorney's fees and cost Plaintiff necessarily incurred).

## V.  CONCLUSION

Plaintiff Copyright Owner should be awarded reasonable attorney's fees and costs in the amount of **$1,1494.25** against defendant Firegemss.

///

///

---

[2] Exhibit B is a true and correct copy of the attorney fee and cost invoice provided by the undersigned's law firm and revised per Court's guidance provided on February 9, 2026.

7

Dated: February 9, 2026	Respectfully submitted,

By: /s/ *Zheng "Andy" Liu*
Zheng "Andy" Liu
1660 South Amphlett Blvd. Suite 315
San Mateo, CA 94402
Tel.: (650) 475-6289
Email: Andy.Liu@AptumLaw.us

*Attorney for Plaintiff Lele Zhang*

**Certificate of Service**

I hereby certify that on the February 9, 2026, the foregoing document is being electronically served by electronically publishing the document on a website, and sending an e- mail that includes a link to said website to the e-mail addresses below:

| Name / Seller Alias | Email Address |
| --- | --- |
| Firegemss | daitianyou0506@gmail.com |
| Mytopcustom | ageelouis313@gmail.com<br>756667575@qq.com |

Dated: February 9, 2026 /s/ Oscar Lam
 Oscar Lam

9