# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LELE ZHANG,<br><br>      Plaintiff,<br><br>v.<br><br>FIREGEMSS AND MYTOPCUSTOM,<br><br>Defendants. | Case No.: 1:24-cv-04103<br><br>**Hon. Georgia N Alexakis** |

## SUPPLEMENTAL DECLARATION OF ZHENG LIU IN SUPPORT OF PLAINTIFF COPYRIGHT OWNER'S MOTION FOR <u>REASONABLE ATTORNEY'S FEES AND COST</u>

Pursuant to 28 U.S.C. § 1746, I, Zheng Liu, submit this Declaration in Support of Plaintiff Copyright Owner's Motion for Reasonable Attorney's Fees and Cost.

1. I am the counsel of record for Plaintiff Lele Zhang in the matter captioned Zhang v. Firegemss et al., No. 24-cv-4103 (NDIL filed May 18, 2024). The following statements are based on my personal knowledge, and I am competent to testify to the matters stated herein.

2. On May 18, 2024, Plaintiff copyright owner filed a copyright infringement complaint against Defendant Chinese Resellers Firegemss and

Mytopcustom. Dkt. 1.

3. On May 23, 2024, Plaintiff earned a TRO (Dkt. 10); after extensive briefing from all parties (Dkts. 18-20, 2, 28-36, 47-49), Plaintiff earned a preliminary injunction against Defendants Firegemss and Mytopcustom on two copyrighted designs. Dkt. 50.

4. On June 27, 2024, Defendant Chinese Resellers answered and counterclaimed against Plaintiff copyright owner. Dkt. 31.

5. On November 15, 2024, Defendant Chinese Resellers filed amended counterclaims against Plaintiff copyright owner. Dkt. 62.

6. On November 23, 2024, the undersigned counsel substituted into this case as counsel for Plaintiff copyright owner, replacing the previous law firm Glacier Law LLP. Dkts. 66-70.

7. The Court entered a default judgement against Defendant Chinese Resellers, award $25,000 damages against each defendant. Dkt. 103. The Court entered a default judgement against Defendant Chinese Resellers, award $25,000 damages against each defendant. Dkt. 103.

8. On February 7, 2026, Defendant Mytopcustom settled all claims, including the attorney's fees and cost claim with Plaintiff. Dkt. 111.

9. To date, Defendant Firegemss has not paid any judgment amount.

10. First, Defendant Firegemss' counterclaims appears to lack basis. Here,

    Defendants counterclaimed against Plaintiff Copyright Owner, asserting that Plaintiff's copyrighted designs were invalid and that Plaintiff used invalid copyright registrations to maliciously cause Defendants business interruption. Dkts. 61 and 62. Defendant Firegemss defaulted as soon as Plaintiff Copyright Owner propounded discovery requests on these counterclaims. Liu Decl. ¶ 12. Thus, Defendant Firegemss' counterclaims appear to lack factual basis.

11. Second, Defendant Firegemss' motivation for defending against the suit appears to be delaying proceedings. Here, Defendants asserted counterclaims that had appear to lack factual basis and filed various unmeritorious discovery motions (Dkts. 75-79).

12. Third, Plaintiff's claims were reasonable, and Defendants' counterclaims appeared unreasonable. Plaintiff's copyright infringement claims against Defendants withstood multiple challenges (Dkts. 18-20, 2, 28-36, 47-49), and after a careful review of all issues raised, the Court granted a preliminary injunction based on Plaintiff's copyright infringement. Dkt. 50. In contrast, Defendant Firegemss' counterclaims appeared to lack factual support, because Defendant Firegemss defaulted as soon as Plaintiff Copyright Owner propounded discovery requests on these counterclaims. Liu Decl. ¶ 12.

13. Fourth, the need to advance considerations of compensation and deterrence counsels toward awarding Plaintiff Copyright Owner reasonable attorney's fees and cost. Here, Defendant Firegemss filed various unnecessary and unsuccessful discovery motions (Dkts. 75-79). For example, Defendant Firegemss moved to compel further discovery responses solely based on its refusal to grant a three-day extension for Plaintiff to serve updated discovery responses. Dkts. 75-79. Judge Gilbert denied all Defendant Firegemss' motions to compel. Thus, award attorney's fees and cost against Defendant Chinese Resellers would thus deter other defendant from engaging in unnecessary motion practice.

14. First, the undersigned's $450 discounted hourly rate for this matter is reasonable. The undersigned is licensed in the State of California (Bar Number 279327) and have practiced for more than 15 years before state courts in California, Illinois, and New York, as well as the following federal courts: Northern District of California, Southern District of California, Central District of California, Eastern District of California, Southern District of New York, Eastern District of New York, Eastern District of Louisiana, Southern District of Florida, Middle District of Florida Northern District of Illinois, Western District of Pennsylvania, District of Wyoming, District of Colorado, U.S. Court of Appeals for the

Ninth Circuit, U.S. Court of Appeals for the Seventh Circuit, and U.S. Court of Appeals for the Federal Circuit.

15. Moreover, the undersigned has practiced copyright litigation for at least eight years and litigation copyright infringement cases in half a dozen federal district courts on behalf of both defendants and plaintiffs.

16. Second, the Glacier Law LLP $450 hourly rate is also reasonable. Glacier Law LLP has litigated copyright infringement cases throughout the United States and before various federal appeal courts. See https://glacier.law/professionals.

17. A true and correct copy of the attorney's fees and cost invoice provided by the Glacier Law LLP is attached hereto as **Exhibit A** and revised per Court's guidance provided on February 9, 2026.

18. A true and correct copy of the attorney's fees and cost invoice provided by the undersigned's law firm is attached hereto as **Exhibit B** and revised per Court's guidance provided on February 9, 2026.

Date: February 10, 2026          Respectfully submitted,

/s/ Zheng "Andy" Liu
Zheng "Andy" Liu