UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

LELE ZHANG,

        Plaintiff,

    v.

FIREGEMSS,

        Defendant.

No. 24 CV 4103

Judge Georgia N. Alexakis

**ORDER**

The Court denies plaintiff's amended motion for attorneys' fees and costs against defendant Firegemss in the amount of $11,494.25.[1] [112].

**STATEMENT**

A district court has discretion to award costs and attorneys' fees to the prevailing party in a copyright case. 17 U.S.C § 505. Four nonexclusive factors guide a district court's decision whether to award a prevailing party its fees: "(1) the frivolousness of the suit; (2) the losing party's motivation for bringing or defending against a suit; (3) the objective unreasonableness of the claims advanced by the losing party; and (4) the need to advance considerations of compensation and deterrence." *See Live Face on Web, LLC v. Cremation Soc'y of Illinois, Inc.*, 77 F.4th 630, 631 (7th Cir. 2023).

Plaintiff argues that these factors militate in favor of an award of attorneys' fees and costs because: (1) defendant Firegemss' counterclaims appeared to lack any factual basis because defendant "defaulted as soon as Plaintiff propounded discovery requests on these counterclaims"; (2) defendant Firegemss' "motivation for defending against the suit appears to be delaying proceedings," as it "filed various unmeritorious discovery motions"; (3) plaintiff's claims were reasonable because they "withstood multiple challenges" and because the Court granted plaintiff's motion for a preliminary injunction; and (4) defendant Firegemms "filed various unnecessary and unsuccessful discovery motions" and should be deterred from doing so in the future. *See* [112] at 4–5.

---

[1] Plaintiff actually requested "$1,1494.25." [112] at 2, 7. The Court assumes this is a typo. The Court believes plaintiff seeks $11,494.25 because elsewhere in her motion, plaintiff explains that it seeks "half of the total $22988.50." *Id.* at 7.

A review of the docket does not support most of plaintiff's factual representations. For example, the docket does not support plaintiff's representation that defendant Firegemms "filed various unmeritorious discovery motions." *E.g.*, *id.* at 4. The docket reflects a single discovery motion [75], which Magistrate Judge Gilbert ultimately denied because plaintiff elected to comply with defendant's discovery requests. [78], [79]. Plaintiff's choice to comply with defendant's discovery request undermines the argument that the motion to compel lacked merit as well as plaintiff's suggestion that Magistrate Judge Gilbert denied the motion for that reason. [112] at 5. Moreover, when acquiescing to defendant Firegemss' discovery request, plaintiff "apologize[d] for the delay in providing the responses," adding that she "appreciate[d] the Court's and parties' understanding." [78] at 1. This language further contradicts plaintiff's argument that defendant Firegemms filed frivolous discovery motions and did so only to delay proceedings. If anything, it shows that plaintiff caused delay.

The docket also does not support plaintiff's argument that the strength of her claims warrants the award of attorneys' fees and costs. Plaintiff cites numerous docket entries to support this premise: docket entries 18–20, 2, 28–36, 47–49. [112] at 4.[2] Of those docket entries, only docket entries 48 and 49 reflect an order in plaintiff's favor. Even then, those orders do not support plaintiff's implicit representation that the Court granted her motion for a preliminary injunction in full. Instead, the court earlier assigned to this matter granted plaintiff's motion only in part. It denied the request for injunctive relief with respect to the Retro Halloween Ghost Dog Copyright and, in so doing, criticized plaintiff for the "abrupt introduction of … new facts," which "arouses sufficient suspicion to bring plaintiff below the likelihood of success on the merits needed for a preliminary injunction." [49] at 2–5. In addition, the earlier court denied plaintiff's request for a blanket asset restraint, instead concluding that defendants "have carried their burden for now of showing an upper threshold to the profits plaintiff could expect to recover if successful in this litigation." *Id.* at 10–12.

The only representation still standing is plaintiff's argument that defendant "defaulted as soon as [plaintiff] propounded discovery requests on [the] counterclaims." [112] at 4. The Court credits that timeline of events but, in its discretion, does not infer from that timeline that defendant Firegemms brought frivolous or objectively unreasonable counterclaims. *See Live Face*, 77 F.4th at 631. Indeed, this Court previously denied in part plaintiff's motion to dismiss defendant Firegemms' counterclaims, and plaintiff did not move to dismiss the amended counterclaims that were later filed. [58], [62]. Defendant Firegemms' success at that early stage of the proceedings does not, of course, prove that its counterclaims had ultimate merit. But it does undercut plaintiff's position that the counterclaims were

---

[2] The Court assumes that the citation to Docket Entry "2" is another typo and that plaintiff intended to cite to some other docket entry between docket entries 20 and 28. But none of those docket entries reflect plaintiff prevailing on a motion.

frivolous or objectively unreasonable, such that the Court should exercise its discretion to award plaintiff more than $11,000 in attorneys' fees and costs.

At bottom, in seeking attorneys' fees and costs, plaintiff has overstated the strength of her suit and her track record of success. And while there may be other, unasserted reasons why plaintiff is entitled to some award of attorneys' fees and costs, the Court can only assess the merits of the arguments that plaintiff has actually advanced. It is not the Court's job to craft more successful arguments for a party. *See Kathrein v. City of Evanston, Ill.*, 752 F.3d 680, 689 (7th Cir. 2014).

Based on the arguments advanced, the Court declines to exercise its discretion to award plaintiff $11,494.25 in attorneys' fees and costs.

Date: 3/31/2026

Georgia N. Alexakis
United States District Judge